# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**BAC HOME LOANS SERVICING LP,**

        **Plaintiff,**

                                **Case No. 2:11-cv-274**

        **v.**                           **JUDGE GREGORY L. FROST**

                                **Magistrate Judge Terence P. Kemp**

**FALL OAKS FARM LLC, et al.,**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) combined motion to dismiss and motion for sanctions filed by James Moder (ECF No. 10);

(2) combined motion to dismiss and motion for sanctions filed by Holly Moder (ECF No. 18);

(3) a memorandum in opposition related to James Moder's combined motion filed by BAC Home Loans Servicing L.P. ("BAC") (ECF No. 39);

(4) a memorandum in opposition related to Holly Moder's combined motion filed by BAC (ECF No. 38);

(5) a joint reply memorandum filed by James Moder and Holly Moder (ECF No. 41) that also asserts a sanctions request against BAC's counsel, James Sandy;

(6) a memorandum in opposition related to the sanctions request filed by BAC (ECF No. 42);

(7) a joint reply memorandum related to the sanctions request filed by James Moder and Holly Moder (ECF No. 43);

(8) a motion to dismiss filed by Bank of America Corporation, Mortgage Electronic Registration Systems, Inc., MERSCORP Inc., Ted Cassell, and Shannon Montgomery ("the BANA Defendants") (ECF No. 34);

(9) a joint memorandum in opposition filed by James Moder and Holly Moder (ECF No. 40);

(10) a second motion to dismiss filed by the BANA Defendants (ECF No. 55);

(11) a third motion to dismiss filed by the BANA Defendants (ECF No. 58);

(12) a motion for leave to file a motion to dismiss or an answer to the third-party complaint filed by Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A. ("Carlisle") (ECF NO. 45);

(13) a second motion for leave to file a motion to dismiss or an answer to the third-party complaint filed by Carlisle (ECF No. 46); and

(14) a motion for leave to file a response to Holly Moder's counterclaims filed by Bank of America N.A., a successor by merger to BAC (ECF No. 59).[1]

For the reasons that follow, the Court **DENIES** James Moder's combined motion to dismiss and motion for sanctions (ECF No. 10), **DENIES** Holly Moder's combined motion to dismiss and motion for sanctions (ECF No. 18), **GRANTS IN PART** and **DENIES IN PART** the BANA Defendants' first motion to dismiss (ECF No. 34), **DENIES** the Moders' second request for sanctions (ECF No. 41), **DENIES** the BANA Defendants' second and third motions to dismiss (ECF Nos. 55, 58), **GRANTS IN PART** and **DENIES IN PART** Carlisle's first

---

[1] For ease of reference in this Opinion and Order, the Court shall refer to Bank of America N.A. as BAC.

motion for leave to file a motion to dismiss or an answer (ECF No. 45), **DENIES AS MOOT** Carlisle's second motion for leave to file a motion to dismiss or an answer (ECF No. 46), and **GRANTS** BAC's motion for leave to file a response to Holly Moder's counterclaims (ECF No. 59).

## I. Background

According to the pleadings, BAC Homes Loans Servicing, L.P. ("BAC") is the holder of a promissory note related to a mortgage on property allegedly purchased by James Moder and Holly Moder. BAC originally filed an action in the Hocking County Court of Common Pleas, asserting that the Moders were in default. The Moders removed the action to this Court, and the removal went unchallenged despite significant deficiencies. BAC amended its complaint to obtain a money judgment and foreclosure on the underlying property. (ECF No. 8.) The Moders in turn filed counterclaims against BAC (ECF Nos. 19, 52), and James Moder filed a third-party complaint against Bank of America Corporation, Mortgage Electronic Registration Systems, Inc., MERSCORP Inc., Ted Cassell, and Shannon Montgomery ("the BANA Defendants"), as well as against Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A. ("Carlisle") (ECF No. 53). Since the initiation of this action, Bank of America N.A. has become the successor by merger to BAC.

The Moders have each filed a motion to dismiss and for sanctions against BAC (ECF Nos. 10, 18), while the BANA Defendants have filed three motions to dismiss claims in the third-party complaint (ECF Nos. 34, 55, 58). Carlisle has filed two combined motions for leave to file a motion to dismiss or an answer to the third-party complaint. (ECF Nos. 45, 46.) BAC has filed a motion for leave to respond to Holly Moder's counterclaims. (ECF No. 59.)

## II.  Discussion

### A.  Motion to Dismiss Standard

The Moders, BAC, and the BANA Defendants all seek dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether the party asserting a claim has set forth a claim upon which this Court can grant relief.  The Court must construe the pleading in favor of the party asserting the claim, accept the factual allegations contained in that party's pleading as true, and determine whether the factual allegations present a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.  *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

4

## B.  Analysis

This Court must address as a threshold matter which motions are properly before the Court.  There are two sets of motions that necessitate discussion, along with the motion for leave to file a motion to dismiss.

The Court must first decide whether Carlisle's two motions for leave to file a motion to dismiss or an answer are well taken.  (ECF Nos. 45, 46.)  On December 5, 2011, Carlisle filed its first motion for leave to file a motion to dismiss or an answer.  (ECF No. 45.)  That description is perhaps a bit misleading, because rather than file a motion simply seeking leave for the requested filing and then proffering an attached motion to dismiss or answer, Carlisle's filing presents an argument that its answer date has not expired, presents a relatively Spartan argument section calling for the dismissal of the third-party claims against the firm, and then alternatively presents an answer all in one document.  About forty minutes later, Carlisle then filed a second motion for leave to file a motion to dismiss or an answer.  (ECF No. 46.)  The two filings appear to be identical except for the signature of counsel and the certificate of service (with the first motion erroneously indicating service on November 5, 2011, and some different entities listed as served on each filing).

Carlisle has arguably made things more complicated than they need be.  By filing what amounts to a combined two motions *as part of* their answer–curiously filing the omnibus document twice, in fact–Carlisle has conflated practice under Rule 12(b)(6) and Rule 7(a)(6). This Court either accepts Carlisle's contention that its deadline for responding to the third-party complaint has not expired at the time the firm filed its combined motion and answer or concludes that, to the extent the deadline may be regarded as having expired under the potentially

incomplete record from the state court, grants leave to respond to the third-party complaint.[2]  The

Court then in turn must recognize that Carlisle has run afoul of the prohibition that a motion to

dismiss "must be made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P.

12(b).  Rule 12(b) permits only *sequential*, not *concurrent*, filing of a motion to dismiss and an

answer.  Carlisle has filed both a motion to dismiss and an answer in one document, asking this

Court to recognize the answer only if such a pleading proves necessary should the Court deny

the motion to dismiss component of the document.  This *if-then* suggestion does not nullify the

fact that Carlisle pled and moved to dismiss at the same time.  Some courts have permitted such

combined filing.  *See, e.g., Hopkins v. Sellers*, No. 1:090-CV-304, 2010 WL 3303651, at *1

(E.D. Tenn. Aug. 19, 2010).  This Court aligns itself with those other courts that avoid such

unguided acceptance of technical deviations by strictly honoring the language and structure of

the Civil Rules.  *See, e.g., Hand v. Houk*, No. 2:07-cv-846, 2008 WL 5378358, at *2 (S.D. Ohio

Dec. 23, 2008) (denying Rule 12(b) motion to dismiss because "[t]he Rule does not envision that

a motion to dismiss will be combined with an answer").  This strict approach presents no

substantive prejudice here because Carlisle can simply make its arguments post-answer through

another mechanism that complies with the Civil Rules.

      The Court therefore **GRANTS IN PART** and **DENIES IN PART** Carlisle's first motion

for leave to file a motion to dismiss or an answer.  (ECF No. 45.)  This Court grants leave to

plead, accepts ECF No. 45 as an answer, denies the motion to dismiss component as untimely

---

[2]  Review of the notice of removal attachments and the state court record transferred to
this Court revealed that portions of the record were incomplete.  Efforts at obtaining a complete
record, including missing pages of various documents, necessitated relying on the parties to
provide missing material.  *See* ECF No. 50.  It appears that the record is now sufficiently
complete if not wholly complete.

filed, and notes that Carlisle remains free to raise its grounds for dismissal in a Rule 12(c) motion for judgment on the pleadings or later in the case. The Court then **DENIES AS MOOT** Carlisle's redundant second motion for leave to file a motion to dismiss or an answer. (ECF No. 46.)

Also necessitating discussion is whether the BANA Defendants' second and third motions to dismiss are properly before the Court. (ECF Nos. 55, 58.) On October 20, 2011, the BANA Defendants filed a combined motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). (ECF No. 34.) The BANA Defendants sought dismissal of Counts Four, Five, Six, Seven, Eight, Nine, Ten, Twelve, Thirteen, and Fourteen of James Moder's Third Party Complaint.[3] These same defendants also sought to obtain a more definite statement of Counts One, Two, Three, and Eleven.

In a December 22, 2011 Opinion and Order, the Magistrate Judge granted the motion for a more definite statement in regards to Counts One and Eleven, but denied the motion in regards to Counts Two and Three. (ECF No. 54, at 7.) The BANA Defendants then filed a second Rule 12(b)(6) motion to dismiss, targeting Counts Two and Three. (ECF No. 55.) After James Moder provided more detail on Counts One and Eleven (ECF No. 57), the BANA Defendants filed a third Rule 12(b)(6) motion to dismiss, with this latest motion targeting Counts One and Eleven (ECF No. 58).

The filing of the BANA Defendants' first motion to dismiss extinguished their ability to

---

[3] The BANA Defendants characterize the Third-Party Complaint as belonging to James Moder and Holly Moder. The Third-Party Complaint asserts only claims by James Moder. (ECF No. 53.)

file their second and third motions to dismiss.  Rule 12 provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  This one-bite-at-the-apple approach applies here.

The BANA Defendants could and should have included their attack on Counts One, Two, Three, and Eleven as part of their initial Rule 12(b)(6) motion.  By instead adopting a piecemeal approach to obtaining dismissal under Rule 12(b)(6), the BANA Defendants have foreclosed the dismissal of  Counts One, Two, Three, and Eleven under Rule 12(b)(6) and are left with pursuing similar relief via other mechanisms, such as a Rule 12(c) motion filed after the eventual filing of their answer to the Third-Party Complaint.  *See Swart v. Pitcher*, 9 F.3d 109, 1993 WL 406802, at *3 (6th Cir. 1993) (unpublished table decision) (explaining that "Rule 12(h)(2) . . . precludes the filing of a second 12(b)(6) motion to dismiss after an initial motion to dismiss"); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 n.3 (6th Cir. 1978) ("Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion.  He cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion but must present them simultaneously."); *Chen v. Cayman Arts, Inc.*, No. 10-80236-CIV, 2011 WL 1085646, at *2 (S.D. Fla. Mar. 21, 2011) ("Rule 12(h) specifies that a party may raise certain defenses (failure to state a claim, failure to join a person required by Rule 19(b), or a legal defense to a claim) after an initial Rule 12 motion to dismiss in three circumstances; in any Rule 7(a) pleading, in a Rule 12(c) motion, or at trial.  *See* Fed. R. Civ. P. 12(h).  A second motion to dismiss falls under none of these circumstances.").  Given the language of Rule

12(g)(2), the filing of the Rule 12(e) motion fails to reserve to the BANA Defendants the right to file additional Rule 12(b)(6) motions to dismiss. *See Garrett v. Cassity*, No. 4:09CV01252 ERW, 2011 WL 3235633, at * 3 n.4 (E.D. Mo. July 28, 2011).

This Court therefore **VACATES** the February 24, 2012 non-oral hearing (ECF No. 56) and **DENIES** the BANA Defendants' second and third motions to dismiss (ECF Nos. 55, 58).

Next for discussion is BAC's motion for leave to file a responsive pleading to the counterclaims of Holly Moder. (ECF No. 59.) BAC asserts that excusable neglect provides good cause for obtaining such leave. In determining whether excusable neglect exists under Federal Rule of Civil Procedure 6(b)(1)(B), this Court weighs (1) the danger of prejudice to Holly Moder, (2) the length of the delay and its potential impact on these proceedings, (3) BAC's reason for the delay, (4) whether BAC's delay was within its reasonable control, and (5) whether BAC acted in good faith. *Howard v. Nationwide Property and Cas. Ins. Co.*, 306 F. App'x 265, 266-67 (6th Cir. 2009)

BAC offers that the essentially convoluted state of the docket following removal and a stay led to the inadvertent failure to recognize Holly Moder's counterclaims. BAC also argues that this Court's scheduling order failed to include a deadline for responding to the counterclaims, which led its then new counsel to assume incorrectly that a schedule for all necessary pleadings was set.

Good cause exists. Granting the motion presents little risk of prejudice to Holly Moder, given the early stage of this case, the fact that she will have ample opportunity to respond under the default briefing schedule set forth in the Local Civil Rules, and her having failed to move for entry of default followed by default judgment. The length of the delay and its potential impact

on this case are essentially negligible in light of the stay and the fact that pleading has not yet closed. Moreover, although counsel should have certainly been more diligent in sorting through the docket, the uncertain state of the docket following removal and the stay understandably led to any neglect, as did possible confusion surrounding the Magistrate Judge's scheduling order. Although inadvertence does not usually constitute excusable neglect, the atypical docket and its arguably ambiguous deadlines support BAC. *See Howard*, 306 F. App'x at 267. This Court has itself spent an inordinate amount of time making sense of the patched-together docket. Finally, there is nothing to suggest that BAC has failed to act in good faith. Balancing such considerations, the Court in its discretion **GRANTS** BAC's motion for leave to file a response to Holly Moder's counterclaims (ECF No. 59).

This Court also notes that it appears that BAC has failed to recognize that in addition to Holly Moder filing counterclaims in her answer (ECF No. 19), James Moder also filed an answer and asserted counterclaims (ECF No. 9 (incomplete version), ECF No. 52 (re-filed complete version)). In the interest of getting this action back on a track that can lead to decisions based on the merits, the Court **ORDERS** that BAC may file a response to these counterclaims on or before February 10, 2012.

Having determined what is properly before the Court, this Court turns at last to the remaining motions to dismiss. The motions to dismiss of James Moder and Holly Moder are nearly identical, with the only apparent difference being references to the specific movant. (ECF Nos. 10, 18.) Both present the argument that BAC lacks standing to pursue a money judgment and foreclosure against them. The Moders posit that they have never paid BAC any money and are not indebted to BAC, which the Moders assert has no interest in the real property involved.

The Moders then set forth a litany of allegations of improper conduct by BAC and its counsel before asking this Court to award them damages much in the way a pleading would contain a prayer for relief.

Regardless of whether the Moders seek to challenge BAC under Rule 12(b)(6) or under a Rule 12(b)(1) challenge to constitutional standing, the Moders' arguments for dismissal are unpersuasive. BAC has pled that it is the holder of the note and mortgage involved, that the Moders are in default, and that BAC was assigned the mortgage. (ECF No. 8, at 2.) Additionally, attached to BAC's amended complaint are the note (ECF No. 8-1), the mortgage (ECF No. 8-2, at 1-8), the mortgage modification correcting the original property description (ECF No. 8-3, at 1-2), and the assignment (ECF No. 8-2, at 9-10). The note has an endorsement in blank, which provides BAC standing to enforce the note. *In re Simmerman*, No. 08-34725, 2011 WL 6091731, at *10 (Bkrtcy. S. D. Ohio Dec. 7, 2011). The foregoing satisfies the standing requirement and presents facts that, necessarily accepted as true in a Rule 12(b)(6) context, present a plausible claim upon which this Court could grant relief. *In re Foreclosure Cases*, 521 F. Supp. 2d 650, 653 (N.D. Ohio 2007) ("To show standing . . . in a foreclosure action, the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint was filed. The foreclosure plaintiff must also show, at the time the foreclosure action is filed, that the holder of the note and mortgage is harmed, usually by not having received payments on the note."). Although the Moders contest the documentary evidence, apparently arguing that they are not owners of the property involved and that there has been fraudulent fabrication of a lien in which the Moders have been inserted in place of a party actually involved with the property at issue, they have failed to demonstrate this contention in this limited Rule 12

context.

Included within the motions filed by James Moder and Holly Moder are requests for punitive damages and for sanctions, both against BAC and its counsel. There is no need to hold the hearing on these requests that the Moders seek. Neither James Moder nor Holly Moder are entitled to any damages, punitive or otherwise, unless and until they prevail on a claim that would entitle them to such relief. Moreover, to the extent their motions can be read to seek sanctions under Federal Rule of Civil Procedure 11–the most likely mechanism for attempting to obtain any sanctions at this early juncture in the case–the Court concludes that the Moders have failed to adhere to the requirements of the rule, much less prove the merits of their sanctions requests. *See* Fed. R. Civ. P. 11(c)(2).

The Court **DENIES** James Moder's combined motion to dismiss and motion for sanctions (ECF No. 10), **DENIES** Holly Moder's combined motion to dismiss and motion for sanctions (ECF No. 18), and **DENIES** the Moders' second request for sanctions (ECF No. 41).

This leaves for disposition the BANA Defendants' first motion to dismiss. (ECF No. 34.) The BANA Defendants seek the dismissal of Counts Four, Five, Six, Seven, Eight, Nine, Ten, Twelve, Thirteen, and Fourteen of the Third Party Complaint. The motion to dismiss states that James Moder and Holly Moder filed the *pro se* third-party complaint, but that pleading belongs only to James Moder. (ECF No. 53.) Despite this fact, both James Moder and Holly Moder filed a joint memorandum in opposition to the motion to dismiss. (ECF No. 40.) Holly Moder cannot add herself to a pleading that she is not on in this manner, and the BANA Defendants cannot dismiss that which does not exist. Consequently, the Court shall construe the filings as targeting only that which they can target: the third-party complaint of James Moder.

12

This Court recognizes that the third-party complaint asserts many claims against the successor by merger to BAC that James Moder also asserted as counterclaims against BAC. No party has addressed this issue or suggested any possible implications arising as a result of what amounts to duplicative pleading. This Court notes the issue and, properly placing the onus on their parties to litigate their respective cases, declines to sua sponte wade into any procedural or substantive effects presented by counterclaims remaining in this case that mirror dismissed third-party claims.

Turning to the third-party claims at issue, the Court begins with the alleged violation of the Ohio Consumer Sales Practices Act, 15 Ohio Revised Code § 1345.01 *et seq.* ("OCSPA"), constituting Count Four. This claim appears to target the mortgage assignment upon which BAC relies to pursue its case against James Moder. The BANA Defendants argue that dismissal of this claim is warranted on the narrow ground that because James Moder, as a non-party to the assignment, lacks standing to challenge the assignment, he cannot assert an OCSPA claim arising from an improper assignment. This Court disagrees that dismissal is warranted at this time. *See Munger v. Deutsche Bank*, No. 1:11-CV-00585, 2011 WL 2930907, at *10 (N.D. Ohio July 18, 2011) (declining to dismiss a OCSPA claim when "the allegations are sufficient to suggest that these defendants filed the foreclosure action even though *the Defendants had knowledge that the assignment of the mortgage was invalid* and that [the defendant] lacked means to prove a right to collect").

In Count Five of the third-party complaint, James Moder asserts a claim under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). The count characterizes only Carlisle as a debt collector and targets conduct only by Carlisle. There are no allegations

that the BANA Defendants fall within the statutory definition of a debt collector.  *See* 15 U.S.C. § 1692a(6); *Munger v. Deutsche Bank*, No. 1:11-CV-00585, 2011 WL 2930907, at *6-7 (N.D. Ohio July 18, 2011).  The BANA Defendants are therefore correct in arguing that they are entitled to dismissal of this count against them "[b]ecause it does not assert any factual or legal claims against [them] that could give rise to any FDCPA claim."  (ECF No. 34, at 10.)

The BANA Defendants argue that they are entitled to dismissal of Count Six because James Moder has failed to plead this fraud claim with the requisite particularity.  The particularity requirement arises from Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  To satisfy this rule, James Moder must "at a minimum allege the time, place and content of the misrepresentation upon which he . . . relied; the fraudulent intent of the defendant; and the injury resulting from the fraud."  *Michaels Bldg. Co. v. Ameritrust Co.*, *N.A.,* 848 F.2d 674, 680 (6th Cir. 1988).  *See also United States v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 642 (6th Cir. 2003) (explaining that Rule 9(b) requires a plaintiff to state with particularity the circumstances of fraud–"i.e., the time, place, and substance"); *American Town Ctr. v. Hall 83 Assocs.*, 912 F.2d 104, 109 (6th Cir. 1990).  Thus, although the *circumstances* of the fraud must be stated with requisite particularity, a complaint need not include evidence.  *Michaels Bldg. Co.*, 848 F.2d at 680 n.9.  What is required is simply sufficient notice of the nature of the claim.  *Id*. at 680; *American Town Ctr.*, 912 F.2d at 109-10.

When deciding whether there is fair notice or a lack of particularity, a court must consider the heightened standard of Rule 9(b) in light of the policy of simplified pleadings set

forth in Rule 8. *Michaels Bldg. Co.,* 848 F.2d at 679; *American Town Ctr.*, 912 F.2d at 109. For this Court to consider only the particularity of Rule 9(b) would be too narrow and inappropriate considering the simplicity and flexibility in pleading contemplated by the Rules. *Michaels Bldg. Co.*, 848 F.2d at 679. Further, the Sixth Circuit Court of Appeals has held that Rule 9(b) may be relaxed when there has been a lack of discovery and the information needed for a plaintiff to achieve particularity is held exclusively by the opposing party. *Id.* at 680. Rule 9(b) therefore does not require a plaintiff to be omniscient, and it is not intended to prevent courts from reaching the truth behind a case. *Id.* Rather, the main purpose behind Rule 9(b) is to provide notice of a plaintiff's claim to a defendant so that the defendant may be able to prepare an informed responsive pleading. *Id.* at 679; *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

Pointing to Count Six, the BANA Defendants argue that James Moder has failed "to even identify the supposedly fraudulent statements much less allege the time, place, and/or context of the supposed fraudulent misrepresentations." (ECF No. 34, at 11.) This analysis fails to credit adequately the scope of the claim. Count Six incorporates all of the content that preceded it in the third-party complaint. (ECF No. 53 ¶ 18.) Review of the incorporated claims that precede Count Two indicates that the BANA Defendants allegedly recorded documents containing statements of ownership and obligations that are not true. These purportedly fraudulent documents therefore provide a basic time, place, and content foundation for a fraud claim, which would involve at least some of the BANA Defendants. Dismissal of this claim is not warranted at this juncture, although the Court recognizes that this is a close call given the arguable lack of detail involving some of the individual defendants' conduct.

In Count Seven, James Moder asserts that the BANA Defendants have violated the Racketeer Influences and Corrupt Organization Act, 18 U.S.C. § 1962 ("RICO"), and Ohio Revised Code § 2923.32 "by engaging in and participating in [his affairs] through a pattern of corrupt activity and the collection of an unlawful debt." (ECF No. 53 ¶ 21.) The BANA Defendants argue that dismissal is warranted on the grounds that the claim fails to allege any of the requisite elements of a RICO claim. This Court agrees, finding another judicial officer's reasoning in an another foreclosure case equally applicable to the third-party complaint here:

> Private parties who have been injured by a violation of § 1962 of the RICO statute may bring a civil suit in federal court to collect damages. 18 U.S.C. § 1964(c); *see also Beck v. Prupis*, 529 U.S. 494, 496, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000). A civil RICO claim has four elements: " '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.' " *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)).
>
> The Defendants contend that the Plaintiffs have not pled the existence of a pattern of racketeering. "A 'pattern of racketeering activity' is defined by statute as requiring at least two acts of racketeering activity" as predicate offenses. *Van Dorn Co., Central States Can Co. Div. v. Howington*, 623 F.Supp. 1548, 1553 (N.D. Ohio 1985) (citing 18 U.S.C. § 1961(5)); *see also Moon*, 465 F.3d at 723. The predicate offenses must be ones "indictable under" a number of federal criminal statutes. 18 U.S.C. § 1961(1). In the case sub judice, the Plaintiff has not pled the existence of any predicate offenses.

*Hammond v. Citibank, N.A.*, No. 2:10-CV-1071, 2011 WL 4484416, at *8 (S.D. Ohio Sept. 27, 2011). Dismissal of the federal RICO claim is warranted at least on this specific rationale.

The remaining component of the multi-pronged Count Seven is the state law RICO claim under Ohio Revised Code § 2923.32. James Moder's pleading fails to set forth the requisite corrupt activity. *See* Ohio Rev. Code § 2923.31(I); *cf. McCubbins v. BAC Home Loans Serv., L.P.*, No. 2:11-cv-547, 2011 WL 140218, at *8 (S.D. Ohio Jan. 18, 2012). Dismissal of the state law component is also appropriate.

Equally warranting dismissal is Count Eight. In this claim, James Moder asserts that the BANA Defendants violated 18 U.S.C. § 1962(c) by engaging in mail or wire fraud. The BANA Defendants argue that the third-party complaint fails to plead either mail or wire fraud with particularity. Both mail and wire fraud are subject to the particularity requirements of Rule 9(b). *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999). In light of this standard, the Court agrees with the BANA Defendants. Although the third-party complaint posits that mail fraud occurred each time a note or mortgage document was sent or received by third-party defendants in the mail–and that the same analysis applies to documents sent via electronic mail for wire fraud–the pleading fails to provide such critical allegations regarding when and by whom any such material was sent. Dismissal is appropriate. *See Urbanek v. All State Home Mortg.*, No. 1:06 CV 1279, 2006 WL 3085638, at *3 (N.D. Ohio Oct. 27, 2006).

Another pleading failure, not tied to Rule 9(b) considerations, also mandates dismissal of the Count Nine RICO claim under 18 U.S.C. § 1962(d). In asserting a conspiracy claim under that statute, James Moder must plead facts presenting an illicit agreement to violate another substantive RICO provision. *Grange Mut. Cas. Co. v. Mack*, 290 F. App'x 832, 835 (6th Cir. 2008) (explaining that "to violate § 1962(d), a defendant need only 'agree[ ] that another violate § 1962(c) by committing two acts of racketeering activity' " (quoting *United States v. Joseph*, 781 F.2d 549, 554 (6th Cir. 1986))). Because the third-party complaint fails to contain factual allegations of such an agreement involving the BANA Defendants, as opposed to a conclusory allegation of a conspiracy, it does not present a plausible conspiracy claim and the Court must dismiss the claim. *See Dimov v. EMC Mortg. Corp.*, No. 1:09-CV-211, 2010 WL 2506717, at *8

(E.D. Tenn. June 17, 2010).

James Moder asserts a claim for civil conspiracy in Count Ten. Ohio law defines such a claim as " 'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.' " *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863, 866 (1995) (quoting *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 126, 512 N.E.2d 640, 645 (1987)). The BANA Defendants argue that dismissal is warranted here because James Moder failed to plead an underlying requisite tort and because he failed to plead this conspiracy claim with particularity. Both arguments are unpersuasive in light of the fact that this Court has not dismissed the Count Four OCSPA claim and the Count Six fraud claim. The BANA Defendants have failed to explain why a heightened pleading standard should apply to a civil conspiracy claim predicated on the OCSPA violation, and the incorporation paragraph of Count Ten pulls in just enough factual allegations to satisfy heightened pleading based on fraud.

Count Twelve presents a state law claim for slander of title. The Sixth Circuit has explained that, "[t]o prove slander of title in Ohio, a plaintiff must show that the defendant (1) made a defamatory statement against the property of another, (2) which was false and malicious, and (3) caused actual or special damages." *Specialty Minerals, Inc. v. Dunbar Mech., Inc.*, 164 F. App'x 539, 542 (6th Cir. 2005). The BANA Defendants argue that even if a false statement was made, it cannot be regarded as defamatory. This argument proves persuasive, because even though James Moder did not plead specifically what purportedly false statement he targets in Count Twelve, review of his pleading suggests that the BANA Defendants are correct in directing this Court to the third-party complaint's allegation that BAC and all third-party

defendants "conspired . . . to prepare, robosign and record a fraudulent Mortgage Assignment falsely claiming that [James Moder] purchased [the mortgage involved in this litigation]." (ECF No. 53 ¶ 5.) Such an allegation echoes a similar contention addressed in *Dawes v. BAC Home Loans Servicing LP*, No. 1:10-cv-02637, 2011 WL 2559410 (N.D. Ohio Apr. 27, 2011), which another judicial officer disposed of based on the following rationale:

> Dawes has not actually identified a defamatory statement in his Complaint. The statement that an individual is in default on their home could arguably constitute a defamatory statement if false. That, however, is not the allegation in the case at bar. A careful reading of Dawes's complaint reveals that he has not alleged that Defendants falsely stated that he was in default. Instead, he alleges that Defendants either did not own the Note and/or submitted a "robo-signed affidavit" without any personal knowledge of whether Defendant Countrywide was the holder of the Note. (Compl. at ¶¶ 1, 5, 7, 9–10, 12, 14, 16.) This, however, does not constitute a false *and* defamatory statement. Defendants' allegedly false statement that they owned the Note is not the kind that would tend to harm Dawes's reputation.
>
> Furthermore, even if the Court were to construe Defendants' statement that they owned the Note as defamatory in substance, such statements were made in the course of judicial proceedings and, therefore, cannot serve as the basis of Davis's claim.

*Id.* at *4. The Court agrees with *Dawes* and therefore also with the BANA Defendants' contention that there is nothing defamatory in the factual allegations of the third-party complaint. The effect of what flows from that alleged fraud in a foreclosure proceeding might harm James Moder's reputation in the community, but the fraud addressed in the pleading cannot. Count Twelve warrants dismissal.

BAC also seeks dismissal of Count Thirteen, which asserts that BAC violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"). James Moder pleads that BAC failed to respond to his qualified written request for information under RESPA. BAC argues that even if this allegation is correct, James Moder has failed to state a claim because he

failed to plead any resulting actual damages. This Court agrees and joins those other judicial officers who have concluded that "[a] claim under RESPA is properly dismissed for failure to allege actual damages resulting from failure to respond to qualified written request." *Bajwa v. John Adams Mortg. Co.*, No. 11-CV-12183-DT, 2011 WL 6009266, at *5 (E.D. Mich. Nov. 30, 2011) (collecting cases).

Finally, the BANA Defendants argue for the dismissal of Count Fourteen on the grounds that the claim fails to set forth any allegations of conduct by the BANA Defendants. The first paragraph of this claim incorporates the preceding thirty-five paragraphs of the pleading, while the next paragraphs assert actions by Third-Party Defendant Taylor Bean and Whitaker Corporation that James Moder characterizes as predatory lending. The remaining two paragraphs of this claim set forth his own actions and conclusions of law. The BANA Defendants are therefore correct that, accepting all the factual allegations involved in this claim as true, James Moder has failed to present a plausible claim for acts by the BANA Defendants that could constitute predatory lending. The BANA Defendants are entitled to the dismissal of this claim.

### III. Conclusion

For the foregoing reasons, the Court:

(1) **DENIES** James Moder's combined motion to dismiss and motion for sanctions (ECF No. 10);

(2) **DENIES** Holly Moder's combined motion to dismiss and motion for sanctions (ECF No. 18);

(3) **GRANTS IN PART** and **DENIES IN PART** the BANA Defendants' first motion to

dismiss (ECF No. 34), dismissing Counts Five, Seven, Eight, Nine, Twelve, Thirteen, and Fourteen against the BANA Defendants;

(4) **DENIES** the Moders' second request for sanctions (ECF No. 41);

(5) **VACATES** the February 24, 2012 non-oral hearing;

(6) **DENIES** the BANA Defendants' second motion to dismiss (ECF No. 55);

(7) **DENIES** the BANA Defendants' third motion to dismiss (ECF No. 58);

(8) **GRANTS IN PART** and **DENIES IN PART** Carlisle's first motion for leave to file a motion to dismiss or an answer (ECF No. 45) and accepts the filing as an answer;

(9) **DENIES AS MOOT** Carlisle's second motion for leave to file a motion to dismiss or an answer (ECF No. 46);

(10) **GRANTS** BAC's motion for leave to file a response to Holly Moder's counterclaims (ECF No. 59).

(11) **DIRECTS** the Clerk to detach and file BAC's proffered motion to dismiss and its accompanying memorandum in support and exhibits (ECF Nos. 59-2 through 59-6);

(12) **SETS** a non-oral hearing on BAC's motion to dismiss for March 23, 2012; and

(13) **ORDERS** that BAC may file a response to the counterclaims of James Moder on or before February 10, 2012.

**IT IS SO ORDERED**.

_____/s/ Gregory L. Frost_____
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE