# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN OF OHIO
## EASTERN DIVISION (COLUMBUS)

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, L.P., fka COUNTRYWIDE HOME LOANS SERVICING, L.P. | ) ) ) | CASE NO. 2:11-cv-00274-GLLF-TPK |
| | ) | JUDGE GREGORY L. FROST |
| Plaintiff, | ) ) | |
| vs. | ) ) | MAGISTRATE JUDGE TERRENCE P. KEMP |
| JAMES MODER, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| vs. | ) ) | **PLAINTIFF BANK OF AMERICA N.A.'S MOTION TO DISMISS HOLLY MODER'S COUNTERCLAIMS** |
| BANK OF AMERICA, *et al.*, | ) ) | |
| Third-Party Defendants. | ) ) | |

Plaintiff Bank of America N.A, as successor by merger to BAC Home Loans Servicing

L.P. ("BANA"), pursuant to Fed.R.Civ.P.12(B)(6), respectfully request that this Court dismiss

EXHIBIT 1

Defendant Holly Moder's Counterclaims ("Holly Moder"). A memorandum in support is attached hereto and incorporated herein.

Respectfully submitted,

*/s/ James W. Sandy*
Monica L. Lacks (0078649)
James W. Sandy (0084246)
James S. Wertheim (0029464)
**McGlinchey Stafford, PLLC**
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Telephone: (216) 378-9905
Fax: (216) 378-9910
mlacks@mcglinchey.com
jsandy@mcglinchey.com
jwertheim@mcglinchey.com

*Co-Counsel for Plaintiff Bank of America N.A., as successor by merger to BAC Home Loans Servicing L.P.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF OHIO
EASTERN DIVISION (COLUMBUS)**

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, L.P., fka COUNTRYWIDE HOME LOANS SERVICING, L.P. | ) ) ) | CASE NO. 2:11-cv-00274-GLLF-TPK |
| | ) | JUDGE GREGORY L. FROST |
| Plaintiff, | ) ) | |
| vs. | ) ) | MAGISTRATE JUDGE TERRENCE P. KEMP |
| JAMES MODER, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| vs. | ) ) | **BANK OF AMERICA N.A.'S** |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| BANK OF AMERICA, *et al.*, | ) ) | **MOTION TO DISMISS HOLLY** **MODER'S COUNTERCLAIMS** |
| Third-Party Defendants. | ) | |

## INTRODUCTION

When the Moders[1] failed to make their contractually obligated mortgage payments,

Plaintiff Bank of America N.A, as successor by merger to BAC Home Loans Servicing L.P.

("BANA"), the holder of their Note, initiated foreclosure proceedings against them. This in turn

spurred the filing of two sets of (the same) Counterclaims and a third party complaint against no

---

[1] While pro se plaintiffs are given some leeway in evaluating a complaint, they "…are not exempted or excused from the Federal Rules regarding pleading, dismissal for failure to state claims, and summary judgment." *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir.1993).

fewer than eight parties based on the Moders' belief that they are the victims of a conspiracy to steal their home and property.

Notwithstanding the Moders' belief, the underlying foreclosure action is precisely what the law and applicable mortgage documents allow. In short, BANA, as holder of the Promissory Note, and in light of the Moders' undisputed default, properly initiated the present foreclosure action against them. BANA, pursuant to Fed.R.Civ.P.12(B)(6), respectfully request that this Court dismiss Holly Moder's Counterclaims. As shown below, these claims fail as a matter of law in their entirety.

### FACTS

On January 14, 2008, James Moder executed a Note[2] (the "Note," attached as Ex. "A")[3] in favor of Taylor, Bean, & Whitaker ("TBW") in the amount of $170,114.00. That same day, the Moders executed a Mortgage (the "Mortgage," attached as Ex. "B")[4] in favor of MERS acting solely as nominee to TBW, and granting it a security interest in the property commonly referred to as 27100 State Route 180, Rockbridge, OH 43149 (the "Property").

Thereafter, on November 25, 2008, the Moders and MERS executed a Mortgage Modification Agreement with Release (the "Modification," attached as Ex. "C")[5] that corrected the legal description contained in the Mortgage. This correction ensured that the Note and Mortgage at issue covered only the property in the name of the Moders, and not that of Fall Oaks Farm LLC. Subsequently, the Note was negotiated to BAC Home Loans Servicing L.P.

---

[2] BANA does not seek a monetary judgment against Holly Moder under the Note as she did not sign the Note. Rather, she is named as a party simply because she has an interest in the Property at issue.

[3] This court may consider the attached authenticated copy of the Note when ruling on this Motion to Dismiss without converting the same to a summary judgment motion as it is "central to [the Moders'] claims." *In re Travel Agent Com'n Antitrust Litigation*, N.D. Ohio, No. 1:03-cv-30000, 2007 WL 3171675, at *8 (Oct. 29, 2007).

[4] *Id.*

[5] *Id.*

("BAC") by affixing an endorsement in blank to the Note, making it bearer paper. (Ex. "A").
Thereafter, on January 22, 2010, the Mortgage was assigned by MERS, acting as nominee to
TBW, to BAC. (Ex. "D").[6]

## LAW AND ARGUMENT

### I.     THE APPLICABLE LEGAL STANDARD

A motion to dismiss pursuant to Fed.R.Civ.P. 12(B)(6) should be granted where the
complaint fails to contain "sufficient factual matter, accepted as true, 'to state a claim to relief
that is plausible upon its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Courie
v. Alcoa Wheel & Forged Prods.*, 577 F. 3d 625, 629 (6th Cir.2009) (noting that the Supreme
Court in *Twombly* and *Iqbal* "raised the bar for pleading requirements beyond the 'no-set-of-
facts' standard of *Conley*…").

While *pro se* litigants are given some leeway, they are "…not exempted or excused from
the Federal Rules regarding pleading, dismissal for failure to state claims, and summary
judgment." *Moore v. Holbrook*, 2 F. 3d 697, 705 (6th Cir.1993).  While this Court is required to
construe the Complaint in a light most favorable to the Moders, "the Complaint must allege
grounds entitling [the Moders] to relief, which requires more than labels and conclusions [or] a
formulistic recitation of the elements of a cause of action." *Casden v. Burns*, 306 Fed. Appx.
966, 973 (6th Cir.2009); *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Holly Moder has failed to plead her  Counterclaims in a manner consistent with *Twombly*
and *Iqbal*, and those Counts should be dismissed against BANA.

---

[6]  *Id.*

## II. HOLLY MODER'S FIRST CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

In Count One, Holly Moder attempts to assert a claim for fraud and/or theft.[7] Specifically, Holly Moder contends that some unknown combination of the defendants filed documents in the foreclosure action to, in essence, "steal" her property. (CC, p. 4). This claim fails because: (1) it contains mere conclusory statements unsupported by facts; and (2) Holly Moder, non-party to the Mortgage Assignment she claims is "fraudulent," lack standing to challenge the same.

### A. Holly Moder's First Claim Is Not Pled In Accordance With Iqbal And Twombly

Holly Moder's First Counterclaims fails as it contains no actual factual allegations against BANA, but rather consists of a series of conclusory statements. To survive a motion to dismiss, a plaintiff must assert factual allegations to support each claim against each Defendant. *See Milner v. Biggs*, S.D. Ohio, No. 2:10-cv-00904, 2011 U.S. Dist. LEXIS 61173, at *8 (Jun. 8, 2011) (dismissing claim because, "under *Iqbal* and *Twombly*, a plaintiff must do more than add a defendant to a claim for relief; factual allegations must support each claim.") Failure to differentiate between defendants warrants dismissal of the claim. *See Carr v. Countrymark Coop. Inc*., S.D. Ohio, No. C-2-96-1246, 1998 U.S. Dist. LEXIS 23000, at *12 (Jan. 29, 1998) (holding that because "plaintiffs refer to defendants collectively, without making any differentiation among them," the claims should be dismissed).

In Count One, Holly Moder strings together a number of conclusory statements. These statements are wholly unsupported by any facts whatsoever that could give rise to any claim

---

[7] Holly Moder's First Claim should also be dismissed as it is entirely duplicitous of her Sixth Claim for fraud. (CC, pp. 4, 7). A party cannot maintain "two actions on the same subject against the same defendants at the same time." *Twaddle v. Diem*, 200 F. App'x. 435, 438 (6th Cir.2009). Yet this is exactly what Holly Moder attempts to do with their First and Sixth Claims.

against BANA.[8]  Accordingly, Count One should be dismissed as against BANA as it is nothing but a series of conclusions wholly devoid of any factual supporting allegations.  *Twombly*, 550 U.S. at 555.

### B.    *Holly Moder Lacks  Standing To Challenge The Mortgage Assignment*

Finally, Holly Moder's First Counterclaim fails as she undeniably lacks standing to challenge the validity of the Mortgage Assignment which forms the entire basis of her claim. (CC, p. 4).  The case law in this and other Federal Circuits is replete with decisions concluding that borrowers, like the Moders, lack standing to attack the validity or enforceability of an assignment of a mortgage.  *See In re Smoak*, Bankr.S.D. Ohio, No. 09-30421, 2011 WL 4502596, at **5-6 (Sept. 28, 2011).  Indeed, courts have routinely found that borrowers, like the Moders, may not challenge an assignment between an assignor and assignee.  *Bridge v. Aames Capital Corp*., N.D. Ohio, No. 1:09 CV 2947, 2010 WL 3834059, at *4 (Sept. 29, 2010); citing *Ifert v. Miller*, 138 B.R. 159, 166 (Bankr.E.D.Pa. 1992).

In *Bridge*, the plaintiff/debtor had filed suit challenging the validity of an assignment between Deutsche Bank and Aames Capital.  *Bridge*, 2010 WL 3834059, at *1.  The court dismissed the action because Bridge was not a party to the assignment and thus lacked standing to try to challenge the assignment.  *Id*. at *5.

The Sixth Circuit Court of Appeals has reached a similar conclusion.  In *Rogan v. Bank One*, 457 F. 3d 561 (6th Cir.2006), the bankruptcy trustee attempted to challenge a mortgage assignment.  However, the court held that "because neither the debtors nor the Trustee [were] parties to the [assignment], they lack standing to enforce it." *Id.* at 567.  Indeed, as the Court in *Ifert* stated:

---

[8]  For example, she claims the Mortgage Assignment is "fraudulent" without providing any factual support for this claim.

> [The underlying contract] is between [the Moders] and [TBW]. [TBW's] assignment contract is between [MERS as nominee for TBW] and [BAC]. The two contracts are completely separate from one another. As a result of the assignment of the contract, [the Moders'] rights and duties under the [underlying] contract remain the same: The only change is to whom those duties are owed.... [the Moders] w[ere] not a party to [the assignment], nor ha[ve] a cognizable interest in it. Therefore, [the Moders] ha[ve] no right to step into [TBW's] shoes to raise [its] contract rights against [BAC]. [The Moders] ha[ve] no more right than a complete stranger to raise [TBW's] rights under the assignment contract.

*Ifert,* 138 B.R. at 166.

Other Courts outside of this Circuit have also held that borrowers lack the ability to challenge mortgage assignments. For instance, in *Peterson v. MERS, Inc.*, 2011 U.S. Dist. LEXIS 123216 (Oct. 25, 2011), the borrower, in response to foreclosure proceedings by the lender, brought a complaint challenging the assignment of the mortgage from MERS (as nominee) to the lender GMAC; alleging fraud and a violation of the Massachusetts Consumer Protection Act. Like the Moders, the plaintiffs in *Peterson* did "…not challenge the merits of the foreclosure itself; instead plaintiffs argue[d] that the assignment of the Mortgage from MERS to GMAC was invalid, and that GMAC therefore had no basis to foreclose as it is not the mortgagee of record." *Id.,* at \*5.

The Peterson court dismissed the borrower's claims under Rule 12(b)(6) on the ground that the borrowers lacked standing to challenge the assignment, finding:

> Plaintiffs do not establish that they have a legally protected interest, as mortgagor, in the assignment of their Mortgage from the original mortgagee to third party, as they are not a party to the assignment nor are they granted any rights under it. ***In short, they are unrelated third parties with no interest in the assignment.***"

*Id*. (emphasis added).[9]

---

[9] The *Peterson* court relied on *Fryzel v. MERS, Inc.*, D.R.I., 2011 U.S. Dist. LEXIS 95114, \*42 (June 10, 2011), which likewise held that the borrowers lacked standing to attack the underlying assignment of mortgage, which stated, "…for over a century, state and federal courts around the country [have held] that a litigant who is not a party to an assignment lacks standing to challenge that assignment…[this principle]…is well established." *Peterson*, 2011 U.S. Dist. LEXIS 123216 at \*6-7.

Similar to *Bridge, Rogan,* and *Peterson,* in this case Holly Moder lacks standing to challenge the Mortgage Assignment because she was undeniably not a party to the Mortgage Assignment. *Rogan*, 457 F. 3d at 567. This is especially true since "[r]egardless of the outcome of this litigation, [James Moder] is still in default on [his] Mortgage and subject to foreclosure. As a consequence, [James Moder] has not suffered any injury as a result of the assignment…nor is there any likelihood that [his] requested relief will prevent [his] alleged injury." *Bridge*, 2010 WL 3834059, at *5. Because Holly Moder lacks standing to challenge the Mortgage Assignment, and because she has not suffered any injury whatsoever as a result of the Assignment, her claim based on the supposed "fraudulent" assignment, even if true, must be dismissed.

## III. HOLLY MODER'S SECOND COUNTERCLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

In Count Two, Holly Moder attempts to assert a CSPA claim against BANA. (CC, ¶¶ 24-25). However, this claim fails because: (1) she has pled no facts whatsoever to support her CSPA claim and (2) BANA is exempt from the mandates of the CSPA.

### A. Holly Moder's CSPA Claim is Wholly Unsupported By Facts

This Court easily dispel with Holly Moder's CSPA claim because it is wholly unsupported by facts in contravention of *Twombly*. Indeed, she fails to allege any facts whatsoever to support her contention that BANA has engaged in any "unfair or deceptive" conduct in this matter. (CC, ¶¶ 24-25). Rather, she merely makes the conclusory statement that BANA engaged in such conduct. However, more than mere labels and conclusions are needed to state a claim and for this reason, dismissal of Holly Moder's Second Counterclaim is warranted. *Twombly*, 550 U. S. at 555.

**B.     BANA Is Exempt From The CSPA**

Furthermore, BANA is explicitly exempt from the CSPA and so Holly Moder's Second Counterclaim fails.  In order to establish a CSPA violation, a court must first determine whether the transaction between the parties is one to which the CSPA applies.  *Yates v. Mason Master, Inc.*, 11th Dist., 2002-Ohio-66972002, WL 31744694, ¶ 15 (Dec. 6 2002).  The CSPA applies only if: (1) the business is a "supplier" within the meaning of the statute; (2) the supplier committed an unfair, deceptive, or unconscionable act; and (3) the act was done in connection with a "consumer transaction."  R.C. § 1345.01-03; see *Torrance v. Cincinnati Mortg. Co. Inc.*, No. 1:08-CV-403, 2009 WL 961533, at *3 (S.D.Ohio Mar. 25, 2009).

To violate the CSPA, a business must meet the definition of the term "supplier." *Torrance*, 2009 WL 961533, at *3; see also, Ohio Rev. Code §§ 1345.02, 1345.03, and 1345.031 (all stating "no **supplier** shall…" emphasis added).  At its core, the CSPA prohibits **suppliers** from committing unfair, deceptive, or unconscionable acts in connection with consumer transactions. R.C. §§ 1345.02, 1345.03, 1345.031 (emphasis added).

The CSPA was intended to prohibit unfair, deceptive, and unconscionable acts or practices in consumer transactions.  *Hurst v. Ent. Title Agency, Inc.*, 11th Dist., 157 Ohio App.3d 133, 2004-Ohio-2307, ¶ 34 (2004).  Hence, liability under the CSPA attaches only "in connection with a consumer transaction."  R.C. §§1345.02(A) and 1345.03(A).

Reviewing the CSPA's pre-2007 definition of "consumer transaction," the Ohio Supreme Court observed that it excluded real estate from its scope.  *Shore W. Constr. Co. v. Sroka*, 61 Ohio St.3d 45, 48 (1991).  "The CSPA . . . 'has no application in a "pure" real estate transaction.'"  *Hurst*, 157 Ohio App.3d at 144, quoting *Brown v. Liberty Clubs, Inc.*, 45 Ohio St.3d 191, 193 (1989).

The CSPA was amended effective January 1, 2007 by Senate Bill 185. Pursuant to the amendments, there are now limited and specific instances in which the CSPA will apply to mortgage loan transactions. See, e.g., §§1345.02(F), 1345.031. The 2007 amendments specify only three persons or entities that can be subject to the CSPA in a residential mortgage transaction: loan officers, mortgage brokers, and nonbank mortgage lenders. As amended, § 1345.01(A) provides:

> "Consumer transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. "Consumer transaction" does not include transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, ***except for*** transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code and ***transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers.***

(Emphasis added).

If the General Assembly wished to include mortgage loan servicers under the CSPA's scope in connection with residential mortgage loans, it clearly knew how to do so. It did not. Thus, the actions of a residential mortgage loan ***servicer*** like BANA in connection with a residential mortgage loan is still beyond the scope of the CSPA, unless such an entity acted as a loan officer, mortgage broker, or nonbank mortgage lender.

Here, Holly Moder's CSPA claim contains no factual allegations even remotely suggesting that BANA is a loan officer, mortgage broker, or nonbank mortgage lender. (CC, at ¶¶ 24-25). Because a mortgage loan servicer does not fit one of the limited definitions of "supplier" in the residential mortgage context, Holly Moder's CSPA claim against BANA fails and the same must be dismissed. *Ogle v. BAC Home Loans Servicing L.P.*, 2:11-cv-540, p. 20 (S.D.Ohio, Jan. 12, 2012) (dismissing a CSPA claim against a mortgage loan servicer because

borrower alleged no facts whatsoever to show that it was acting as a loan officer, mortgage broker, or nonbank mortgage lender).

## IV.  HOLLY MODER'S FDCPA CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

In Count Three, Holly Moder attempts to assert an FDCPA claim against BANA.  (CC, ¶¶ 26-27).  "In order to prevail on an FDCPA claim, a party must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the debt arises out of a transaction primarily for family, household, or residential purposes; (3) the defendant is a debt collector as defined by the FDCPA; and (4) the defendant has engaged in an act or omission prohibited by the FDCPA."  *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F.Supp.2d 914, 939 (N.D. Ohio 2009).  Holly Moder's FDCPA claim fails because: (1) Holly Moder has presented no facts whatsoever to establish an FDCPA violation; (2) BANA has asserted it is owed the debt and Holly Moder has presented no facts to the contrary; and (2) the facts alleged establish BANA was assigned the debt prior to default and is exempt from the FDCPA.

### A.  *Holly Moder's FDCPA Claim is Wholly Unsupported By Facts*

As a threshold matter, this Court can dismiss Holly Moder's FDCPA claim as she presents no facts whatsoever to support such a claim.  Instead, her FDCPA claim contains only conclusory statement that "Plaintiff has engaged in abusive and deceptive conduct…" without any facts whatsoever to support said conclusion.  (CC, ¶27).  Such labels and conclusions fails to state a claim upon which relief may be granted and therefore Count Three must be dismissed. *Twombly*, 550 U. S. at 557.

**B.    Because BANA Asserts It Is Entitled To Enforce The Debt, And Holly Moder Has Not Presented Facts To Dispute This, BANA Is A Creditor Exempt From The FDCPA**

Pursuant to 15 U.S.C. § 1692(a)(6), the term "debt collector" expressly excludes one who is collecting its own debt.  "[U]nder Sixth Circuit case law, *the creditor exclusion clause extends to those who attempt to collect a debt that they assert is owed to them*."  *King v. CitiMortgage, Inc*., No. 2:10-cv-01044, 2011 WL 2970915, at *10 (S.D. Ohio, July 20, 2011) (emphasis added), citing *Montgomery v. Huntington Bank*, 346, F.3d 693, 699 (6th Cir.2003).

The foreclosure complaint Holly Moder takes issue with indicates that BANA has asserted it is the holder of the Note and that the debt is owed to it.  (Exh. "A").  In response, Holly Moder states as fact the legal conclusion that BANA is a "debt collector" because it is collecting the debt of another.  (CC, ¶ 27).  However, Holly Moder presents no actual facts to support this specious claim.  Indeed, she reasons (incorrectly) that BANA is a debt collector merely because it is "collect[ing] the debt of another."  (Id.).  Yet "[m]ore than mere legal conclusions and labels must exist to withstand a Rule 12(b)(6) motion to dismiss."  *Twombly*, 550 U.S. at 557.  Accordingly, because the debt is owed to BANA, and because Holly Moder has failed to allege any factual allegations to the contrary, Holly Moder's FDCPA Claim must be dismissed.

**V.    HOLLY MODER'S FRAUD CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

In Count Four, Holly Moder simply asserts the elements of a fraud claim.  (CC, ¶¶ 28-29).  However, she does not even state what the alleged fraudulent statements are.  Further, she fails to assert any factual support whatsoever for her fraud claim.  Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading requirement for any fraud claim.  *Fed. Ins. Co., v. Webne,* 513 F. Supp. 2d 921, 925 (N.D. Ohio 2007).  The Sixth Circuit Court of Appeals

reads Rule 9(b) "liberally…requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir.1993). Therefore, "allegations of fraudulent misrepresentations must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id.* at 162.

Here, Holly Moder fails to even identify the supposedly fraudulent statements much less allege the time, place, and/or context of the supposed fraudulent misrepresentations. Rather, she merely recites the legal elements of fraud. (CC, 28-29). This is insufficient to meet the heightened pleading standard of Rule 9(b) and therefore, Count Four should be dismissed.[10]

## VI. HOLLY MODER'S RICO CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

In Count Five, Holly Moder appears to assert a claim under both the Federal RICO act and Ohio's "Baby RICO" statute. (CC, ¶¶ 30-31). She asserts that BANA violated both by "participating in the affairs of Defendant, through a pattern of corrupt activity and the unlawful collection of a non-existing debt." (Id.). Neither claim has merit.

### A. Holly Moder's Federal RICO Claim Fails Because She Does Not Allege Any of the Requisite Elements to State Such a Claim

In order to state a claim for violation of RICO, a party must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, SPRL v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Moon v. Harrison Piping Supply,* 465 F.3d 719, 723 (6th Cir.2006) *cert. denied* 127 S.Ct. 1832 (2007). Here, Holly Moder's Fifth Claim for violation of RICO alleges

---

[10] Additionally, this claim fails to meet the *Twombly* standard as a complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Igbal*, U.S. —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation omitted).

none of these things. Instead, all Holly Moder alleges is that BANA has "participat[ed] in the affairs of Defendant, through a pattern of corrupt activity and the unlawful collection of a non-existing debt ..." (CC, ¶ 31). This self-serving statement does nothing to explain BANA's conduct that would give rise to a RICO claim, who the enterprise is, and what actions/inactions constituted a pattern of racketeering activity. Because Holly Moder has wholly failed to plead a RICO claim in Count Five, the same must be dismissed.

     **B.**     *Holly Moder Has not Stated a Claim for a Baby RICO Claim Based on the Allegations Alleged*

Holly Moder's Baby RICO claim fails because: (A) she has failed to plead her claim with particularity; (B) seeking to collect on a note and mortgage does not constitute an attempt to collect an "unlawful debt" within the meaning of the statute; and (C) filing a supposedly false and fraudulent assignment of mortgage is not a corrupt activity as defined in the statute.

R.C. § 2923.32(A) makes it unlawful for any person employed by or associated with any enterprise to "conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt." To state a civil claim under the Ohio's Baby RICO statute:

> ...a plaintiff must establish: (1) that conduct of the defendant involves the commission of two or more specifically prohibited state or federal criminal offenses; (2) that the prohibited *criminal conduct* of the defendant constitutes a pattern; and (3) that the defendant has participated in the affairs of an enterprise or has acquired and maintained an interest in or control of an enterprise.

Patton v. Wilson, 8th Dist., 2003 WL 21473566, at *2 (June 26, 2003); citing Kondrat v. Morris, 8th Dist., 118 Ohio App. 3d 198, 209 (1997).

     1.     <u>Holly Moder Has Failed to Plead the Elements of a Baby RICO Claim with Requisite Specificity</u>

The failure to plead any of the elements of a R.C. § 2923.32 claim with particularity results in a defective complaint that cannot withstand a motion to dismiss. *Morrow v. Reminger*

*& Reminger Co., L.P.A.*, 10th Dist., 183 Ohio App. 3d 40, 55 (2009); citing *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 8th Dist., 90 Ohio App. 3d 284, 290 (1993).

Holly Moder has failed to plead the elements of a Baby RICO claim with the requisite particularity. *Id.* at 55. Indeed, Holly Moder does not articulate what the two supposed violations of state or federal law are that BANA supposedly engaged in or allege any particular facts in the present case that would give rise to such a claim. Accordingly, Holly Moder has failed to plead her Baby RICO claim with the requisite particularity and the same must be dismissed.

2.  Foreclosing on a Delinquent Note and Mortgage is not an Attempt to
    Collect an "Unlawful debt" Within the Meaning of R.C. § 2923.32

Holly Moder's claim under Baby RICO also fails as seeking to collect on a note and mortgage does not constitute an attempt to collect an unlawful debt within the meaning of the statute. R.C. § 2923.31(L) defines an unlawful debt as follows:

> …any money or other thing of value constituting principal or interest of a debt that is legally unenforceable in this state in whole or in part because the debt was incurred or contracted in violation of any federal or state law relating to the business of **gambling activity or** relating to the business of **lending money at an usurious rate** unless the creditor proves, by a preponderance of the evidence, that the usurious rate was not intentionally set and that it resulted from a good faith error by the creditor, notwithstanding the maintenance of procedures that were adopted by the creditor to avoid an error of that nature.

(emphasis added). Thus, to be considered an unlawful debt for purposes of R.C. § 2923.31(C), the debt must involve either gambling activity or the lending of money at an usurious rate. Holly Moder's claim apparently stems from the supposedly unlawful activities that BANA has engaged with regard to foreclosing on the Note and Mortgage (CC). This involves neither gambling activity or lending money at an usurious rate and is thus not an attempt to collect an "unlawful debt" within the meaning of R.C. § 2923.31(C). Accordingly, Holly Moder's Baby RICO claim fails and must be dismissed.

## VII. HOLLY MODER'S SIXTH CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

In Count Six, Holly Moder attempts to assert yet another RICO violation against BANA for supposedly engaging in mail or wire fraud. (CC, ¶¶ 32-34). This is apparently the predicate act that Holly Moder asserts gives rise to a RICO claim. However, Count Six fails because she has not pled the underlying predicate act of mail or wire fraud with the requisite particularity.[11]

"Civil RICO claims based on alleged mail or wire fraud fall under Rule 9(b) of the Federal Rules of Civil Procedure and must be pleaded with particularity." *Penn LLC v. Propser Bus. Devel. Corp.*, S.D. Ohio, No. 2:10-cv-993, 2011 WL 2118072, at *11 (May 27, 2011) (J. Frost); citing *Kenty v. Bank One., Columbus, NA.*, 92 F.3d 384, 394 (6th Cir.1996). Indeed, "[c]ourts have been particularly sensitive to Fed.R.Civ.P. 9(b)'s pleading requirements in RICO cases in which the predicate acts are mail fraud and wire fraud, and have further required specific allegations as to **which** defendant causes **what** to be mailed (or made which telephone calls), and **when** and **how** each mailing (or telephone call) furthered the fraudulent scheme." *Penn LLC*, 2011 WL 2118072, at *11; quoting *Berent v. Kemper Corp.*, 780 F. Supp. 2d 431, 448 (E.D.Mich. 1991) (emphasis in original).

In this case, Holly Moder wholly fails to plead her RICO claim with the requisite degree of particularity. Indeed, she does not identify **which** defendant mailed **what** document, **when** such document was mailed, or **how** such mailing furthered the supposed fraudulent scheme. *Id.*, at *11. In short, Holly Moder's allegations fall far short of the required particularity with which the predicate acts of mail fraud and wire fraud must be pled, and therefore the same is subject to dismissal.

---

[11] This claim can also be dismissed as Holly Moder fails to support her claim with any factual support whatsoever in contravention of *Twombly* and *Iqbal*.

## VIII. HOLLY MODER'S SEVENTH CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

In Count Seven, Holly Moder appears to assert yet another RICO claim against BANA, this time under 18 U.S.C. § 1692(d). In addition to properly asserting all the elements of a RICO claim as enunciated in *Sedima*, *supra*, "to prove a RICO conspiracy under 18 U.S.C. 1692(d), the [Moders] must establish…the existence of an illicit agreement to violate the substantive RICO provision." *Penn LLC*, 2011 WL 2118072, at *11; quoting *United States v. Sinito*, 723 F.2d 1250, 1260 (6th Cir.1983) (citation omitted).

Count Seven not only fails to plead the underlying predicate act of mail and wire fraud with particularity (as set forth in section VII *supra*), but it also does not allege, must less describe, any illicit agreement between any Defendant to violate RICO. As such, because Holly Moder has failed to properly plead a RICO claim under 18 U.S.C. § 1692(d), and because contains nothing but legal conclusions wholly unsupported by facts, dismissal is warranted.

## IX. HOLLY MODER'S EIGHTH CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

In Count Eight, Holly Moder claims that "[BANA] has engaged in civil conspiracy to violate the legal and constitutional rights of Defendant." (CC, ¶¶ 38-39). This factually baseless statement to the contrary, Holly Moder's civil conspiracy claim fails because she has failed to plead their civil conspiracy claim with particularity.[12]

Under Ohio law, civil conspiracy is "a malicious combination of two or more persons to injure another person or property, in a way not competent for one alone, resulting in actual damages." *Bucy v. Aurora Loan Services, LLC*, No. 2:10-cv-1050, 2011 WL 1044045, at *7

---

[12] This claim can also be dismissed as Holly Moder has not alleged any underlying tort that BANA is liable for. Indeed, "a civil conspiracy claim cannot succeed without an underlying unlawful act." *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475 (1989). Where the substantive cause of action on which a conspiracy claim is based is without merit, then the civil conspiracy claim must likewise fail. *Nilavar v. Mercy Health Sys.*, 494 F.Supp.2d 604, 627 (S.D. Ohio 2005). Because Holly Moder does not allege an underlying unlawful act, her civil conspiracy claim fails.

(S.D. Ohio, Mar. 18, 2011) (unreported, available upon request); citing *Kenty v. Transamerica Premium Ins. Co.,* 72 Ohio St.3d 415, 419 (1995).

BANA cannot conspire with itself. Yet Holly Moder alleges no facts whatsoever to establish that it conspired with any other person or entity. Instead, she merely makes the unsupported assertion that BANA "has engaged in civil conspiracy" against her. (CC, ¶¶ 38-39). However, such a mere label wholly unsupported by facts will not withstand a motion to dismiss. *Twombly*, 550 U.S. at 557. Therefore, dismissal of Count Eight is warranted.

## X. HOLLY MODER'S NINTH CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Holly Moder's Ninth Claim fails as it contains no actual factual allegations against BANA, but rather consists of a series of conclusory statements. To survive a motion to dismiss, a plaintiff must assert factual allegations to support each claim against each Defendant. *See Milner v. Biggs*, S.D. Ohio, No. 2:10-cv-00904, 2011 U.S. Dist. LEXIS 61173, at *8 (Jun. 8, 2011) (dismissing claim because, "under *Iqbal* and *Twombly*, a plaintiff must do more than add a defendant to a claim for relief; factual allegations must support each claim.").

In Count Nine, Holly Moder provides a laundry list of statutes and common law claims she contends that BANA violated. (CC, ¶¶ 40-41). However, she does not provide a single factual assertion to support any of these claims and for that reason, Count Nine fails to meet the *Twombly* and *Iqbal* standard and the same must be dismissed.

## XI. HOLLY MODER'S TENTH CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

In Count Ten, Holly Moder claims that BANA's writing (presumably the Mortgage Assignment) constituted a slander of her title. (CC, ¶¶ 42-43)). However, Holly Moder's

slander of title claim fails because even if true, such a statement is not both false and defamatory as necessary to state a claim for slander of title.[13]

"To prove slander of title in Ohio, a plaintiff must show that the defendant: (1) made a defamatory statement against the property of another; (2) which was false and malicious; and (3) caused actual or special damages." *Dawes v. BAC Home Loans Servicing L.P.*, No. 1:10-cv-02637, 2011 WL 2559410, at *4 (N.D. Ohio, Apr. 27, 2011) (unreported, available upon request). "A communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.*, citing Restatement 2d of Torts, § 559.

In *Dawes*, the plaintiff claimed the recorded mortgage assignment constituted a slander on his title because Countrywide either "did not own the note and/or submitted a robo-signed affidavit" without any personal knowledge…" *Id.* The court, in dismissing the slander of title claim, found that these statements, even if true, were not false ***and*** defamatory as such a statement is not the type that would harm one's reputation. *Id.*

Holly Moder's slander of title claim likewise fails. As in *Dawes*, Holly Moder claims the Mortgage Assignment was "false." (CC, ¶ 43). However, even if true, this type of statement is not both false and defamatory as they do nothing to harm Holly Moder's reputation in the community. Thus Holly Moder's slander of title claim must be dismissed. *Dawes,* 2011 WL 2559410, at *4.

---

[13] This Court can also dismiss Holly Moder's Tenth claim because she provides no factual support whatsoever to support her claim. *Twombly* 550 U.S. at 557. Indeed, she does not even identify which specific "writing" she takes issue with, requiring BANA to have to guess as to the basis for her claim.

## XII.  HOLLY MODER'S ELEVENTH CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Count Eleven contains no facts whatsoever to state any claim against BANA.  In fact, Count Eleven doesn't appear to seek any relief whatsoever.  Rather, it states: "Defendant incorporates the allegations in Counts One through Ten as if fully made herein."  (CC, ¶ 45). This claim fails to meet the *Twombly* standard as it contains no factual (or even legal) allegations to put BANA on notice of the claim against it and the same must be dismissed.

## CONCLUSION

WHEREFORE, and as discussed more fully herein, Plaintiff Bank of America N.A, as successor by merger to BAC Home Loans Servicing L.P. respectfully requests that this Court dismiss with prejudice Holly Moder's Counterclaims for failure to state a claim upon which relief may be granted.

Respectfully submitted,


*/s/ James W. Sandy*
Monica L. Lacks (0078649)
James W. Sandy (0084246)
James S. Wertheim (0029464)
**McGlinchey Stafford, PLLC**
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122-4640
Telephone:  (216) 378-9905
Fax:  (216) 378-9910
mlacks@mcglinchey.com
jsandy@mcglinchey.com
jwertheim@mcglinchey.com

***Co-Counsel for Plaintiff Bank of America N.A., as successor by merger to BAC Home Loans Servicing L.P.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the forgoing *Plaintiff BANA's Motion to Dismiss Holly Moder's Counterclaims* was served on all parties electronically as well as by regular, U.S. Mail this 24th day of January 2012 upon:

James and Holly Moder
27100 State Route 180
Rockbridge, Ohio 43149

*Third Party Plaintiffs*

*/s/ James W. Sandy*
James W. Sandy