# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BAC HOME LOANS SERVICING LP,

    Plaintiff,

v.

FALL OAKS FARM LLC, et al.,

    Defendants.

Case No. 2:11-cv-274
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Bank of America N.A.'s Motion to Dismiss Holly Moder's Counterclaims. (ECF No. 61.) Defendant Holly Moder failed to file a memorandum in opposition. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss.[1] (ECF No. 61.)

## I. Background

BAC Homes Loans Servicing, L.P. is the holder of a promissory note related to a mortgage on property allegedly purchased by James Moder and Holly Moder. BAC originally filed an action in the Hocking County Court of Common Pleas, asserting that the Moders were in default. The Moders removed the action to this Court, and the removal went unchallenged despite significant deficiencies. BAC amended its complaint to obtain a money judgment and foreclosure on the underlying property. (ECF No. 8.) The Moders in turn filed counterclaims against BAC (ECF Nos. 19, 52), and James Moder filed a third-party complaint against Bank of

---

[1] Because the counterclaims asserted by Holly Moder (ECF No. 19) are generally identical to many of the third-party claims brought by James Moder (ECF No. 53), much of the instant Opinion and Order is similar if not at times identical to the previous Opinion and Order by this Court that addressed the third-party claims (ECF No. 60).

America Corporation, Mortgage Electronic Registration Systems, Inc., MERSCORP Inc., Ted Cassell, and Shannon Montgomery, as well as against Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A. (ECF No. 53). Since the initiation of this action, Bank of America N.A. ("BoA") has become the successor by merger to BAC.

Previously, this Court addressed various motions filed by the parties in a January 30, 2012 Opinion and Order. (ECF No. 60.) One such motion was a successful BoA motion for leave to respond to Holly Moder's counterclaims (ECF No. 59), which resulted in the filing of the motion to dismiss currently before the Court (ECF No. 61). The motion to dismiss is now ripe for disposition.

## II. Discussion

### A. Standard involved

BoA seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Holly Moder has asserted a counterclaim upon which this Court can grant relief. The Court must construe the pleading in favor of Holly Moder, accept the factual allegations contained in that party's pleading as true, and determine whether the factual allegations present a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Id.* at 1950.

To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

In Count One, Holly Moder arguably asserts a fraud claim, as BoA characterizes the count, or possibly a conspiracy claim, giving the pleading a broad reading. BoA seeks the dismissal of this counterclaim on several grounds, including the reasoning that a party cannot maintain duplicative claims. Regardless of whether Holly Moder has asserted a fraud claim, a conspiracy claim, or some intended hybrid of both claims in Count One, that claim is redundant given the existence of her Count Four fraud claim and her Count Eight Conspiracy claim. The dismissal of the duplicative Count One is therefore appropriate and cannot prejudice Holly Moder. *Smith v. Bd. of Trustees Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 899 (N.D. Ohio 2010) ("it is axiomatic that [plaintiff] cannot assert two separate counts alleging the exact same claims" (citing *Mohr v. Chicago Sch. Reform Bd. of Trustees of the Bd. of Educ.*, 993 F. Supp. 1155, 1157 (N.D. Ill.1998))); *cf. Foster v. City of Southfield*, Nos. 95-1032, 95-1072. & 95-1526, 1996 WL 742291, at *6 (6th Cir. Dec. 20, 1996) ("It was not error for the District Court to

conclude that submitting both claims to the jury would be duplicative and potentially confusing to the jury.").

BoA next seeks the dismissal of Count Two, which targets an alleged violation of the Ohio Consumer Sales Practices Act, 15 Ohio Revised Code § 1345.01 *et seq.* ("OCSPA"). This claim appears to target the mortgage assignment upon which BoA relies to pursue its case against the Moders. BoA first argues that dismissal of this claim is warranted because Holly Moder has failed to plead facts constituting the requisite unfair or deceptive conduct. The factual allegations incorporated into Count Two arguably defeat this proposition.

In the alternative, BoA next argues that dismissal is mandated because it is a mortgage servicer and not a loan officer, mortgage broker, or nonbank mortgage lender, *see* Ohio Rev. Code § 1345.01(A), which means that BoA does not fall within the scope of the OCSPA. *See Hammond v. Citibank, N.A.*, No. 2:10-CV-1071, 2011 WL 4484416, at *8 (S.D. Ohio Sept. 27, 2011). This Court is cognizant that there is a lack of uniformity among judicial officers on this issue and that the Supreme Court of Ohio has not yet answered certified questions addressing the issue. *State ex re. DeWine v. GMAC Mortg. L.L.C.*, 129 Ohio St.3d 1446, 951 N.E.2d 1044 (2011). The Court nonetheless agrees that dismissal is warranted based on BoA's analysis. *See Walter v. Wells Fargo Bank, NA* , No. 2:11-cv-912, 2012 WL 641949, at *4 (S.D. Ohio Feb. 28, 2012) (citing *McCubbins v. BAC Home Loans Servicing, L.P.*, No. 2:11-cv-547, 2012 WL 140218, at *3 (S.D. Ohio Jan. 18, 2012)).

In Count Three, Holly Moder asserts a claim under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). There are no factual allegations, as opposed to unsupported conclusory statements, indicating that BoA falls within the statutory definition of a

debt collector. *See* 15 U.S.C. § 1692a(6); *Munger v. Deutsche Bank*, No. 1:11-CV-00585, 2011 WL 2930907, at *6-7 (N.D. Ohio July 18, 2011). Excluded from the statutory definition of a debt collector is a creditor, such as BoA, which is attempting to collect its own debt. *King v. CitiMortgage, Inc.*, No. 2:10-cv-1044, 2011 WL 2970915, at *10 (S.D. Ohio July 20, 2011). BoA is therefore correct in arguing that it is entitled to dismissal of this count "[b]ecause [the count] does not assert any factual or legal claims against [BoA] that could give rise to any FDCPA claim." (ECF No. 61, at 13.)

BoA argues that it is entitled to dismissal of the common law fraud claim constituting Count Four because Holly Moder has failed to plead the claim with the requisite particularity. The particularity requirement arises from Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy this rule, Holly Moder must "at a minimum allege the time, place and content of the misrepresentation upon which [s]he . . . relied; the fraudulent intent of [BoA]; and the injury resulting from the fraud." *Michaels Bldg. Co. v. Ameritrust Co.*, *N.A.*, 848 F.2d 674, 680 (6th Cir. 1988). *See also United States v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 642 (6th Cir. 2003) (explaining that Rule 9(b) requires a plaintiff to state with particularity the circumstances of fraud–"i.e., the time, place, and substance"); *American Town Ctr. v. Hall 83 Assocs.*, 912 F.2d 104, 109 (6th Cir. 1990). Thus, although the *circumstances* of the fraud must be stated with requisite particularity, a complaint need not include evidence. *Michaels Bldg. Co.*, 848 F.2d at 680 n.9. What is required is simply sufficient notice of the nature of the claim. *Id*. at 680; *American Town Ctr.*, 912 F.2d at 109-10.

5

When deciding whether there is fair notice or a lack of particularity, a court must consider the heightened standard of Rule 9(b) in light of the policy of simplified pleadings set forth in Rule 8. *Michaels Bldg. Co.,* 848 F.2d at 679; *American Town Ctr.*, 912 F.2d at 109. For this Court to consider only the particularity of Rule 9(b) would be too narrow and inappropriate considering the simplicity and flexibility in pleading contemplated by the Rules. *Michaels Bldg. Co.*, 848 F.2d at 679. Further, the Sixth Circuit Court of Appeals has held that Rule 9(b) may be relaxed when there has been a lack of discovery and the information needed for a party to achieve particularity is held exclusively by the opposing party. *Id.* at 680. Rule 9(b) therefore does not require the complaining party to be omniscient, and it is not intended to prevent courts from reaching the truth behind a case. *Id*. Rather, the main purpose behind Rule 9(b) is to provide notice of a party's claim to a defendant so that the defendant may be able to prepare an informed responsive pleading. *Id*. at 679; *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

Pointing to the common law conspiracy claim constituting Count Four, BoA argues that Holly Moder has failed "to even identify the supposedly fraudulent statements much less allege the time, place, and/or context of the supposed fraudulent misrepresentations." (ECF No. 61, at 14.) This analysis fails to credit adequately the scope of the claim. Count Four incorporates all of the content that preceded it in Counts One through Three. (ECF No. 19 ¶ 28.) Review of the incorporated content indicates that BoA allegedly recorded documents containing statements of ownership and obligations that are not true. These purportedly fraudulent documents therefore provide a basic time, place, and content foundation for a fraud claim. Dismissal of this claim is not warranted at this time, although the Court recognizes that this is a close call given the

6

arguable lack of detail involving BoA's asserted conduct.

In Count Five, Holly Moder asserts that the BoA has violated the Racketeer Influences and Corrupt Organization Act, 18 U.S.C. § 1962 ("RICO"), and Ohio Revised Code § 2923.32 "by engaging in and participating in [his affairs] through a pattern of corrupt activity and the collection of an unlawful debt." (ECF No. 53 ¶ 21.) BoA argues that dismissal is warranted on the grounds that the claim fails to allege any of the requisite elements of a RICO claim. This Court agrees, finding another judicial officer's reasoning in an unrelated foreclosure case equally applicable to the pleading involved here:

> Private parties who have been injured by a violation of § 1962 of the RICO statute may bring a civil suit in federal court to collect damages. 18 U.S.C. § 1964(c); *see also Beck v. Prupis*, 529 U.S. 494, 496, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000). A civil RICO claim has four elements: " '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.' " *Moon v. Harrison Piping Supply,* 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)).
>
> The Defendants contend that the Plaintiffs have not pled the existence of a pattern of racketeering. "A 'pattern of racketeering activity' is defined by statute as requiring at least two acts of racketeering activity" as predicate offenses. *Van Dorn Co., Central States Can Co. Div. v. Howington*, 623 F.Supp. 1548, 1553 (N.D. Ohio 1985) (citing 18 U.S.C. § 1961(5)); *see also Moon*, 465 F.3d at 723. The predicate offenses must be ones "indictable under" a number of federal criminal statutes. 18 U.S.C. § 1961(1). In the case sub judice, the Plaintiff has not pled the existence of any predicate offenses.

*Hammond*, 2011 WL 4484416, at *8. Dismissal of the federal RICO claim is warranted at least on this specific rationale.

The remaining component of the multi-pronged Count Five is the state law RICO claim under Ohio Revised Code § 2923.32. Holly Moder's pleading fails to set forth with particularity the requisite corrupt activity. *See* Ohio Rev. Code § 2923.31(I); *cf. McCubbins v. BAC Home Loans Serv., L.P.*, No. 2:11-cv-547, 2011 WL 140218, at *8 (S.D. Ohio Jan. 18, 2012).

7

Dismissal of the state law component is also appropriate.

Equally warranting dismissal is Count Six. In this counterclaim, Holly Moder asserts that BoA violated 18 U.S.C. § 1962(c) by engaging in mail or wire fraud. BoA argues that her counterclaim fails to plead either mail or wire fraud with particularity. Both mail and wire fraud are subject to the particularity requirements of Rule 9(b). *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999). In light of this standard, the Court agrees with BoA. Although the pleading posits that mail fraud occurred each time a note or mortgage document was sent or received by BoA or its agents via the mail (and that the same analysis applies to documents sent via electronic mail for wire fraud), the pleading fails to provide such critical allegations regarding when and by whom any such material was sent. Dismissal is appropriate. *See Urbanek v. All State Home Mortg.*, No. 1:06 CV 1279, 2006 WL 3085638, at *3 (N.D. Ohio Oct. 27, 2006).

Another pleading failure, not tied to Rule 9(b) considerations, also mandates dismissal of the Count Seven RICO claim under 18 U.S.C. § 1962(d). In asserting a conspiracy claim under that statute, Holly Moder must plead facts presenting an illicit agreement to violate another substantive RICO provision. *Grange Mut. Cas. Co. v. Mack*, 290 F. App'x 832, 835 (6th Cir. 2008) (explaining that "to violate § 1962(d), a defendant need only 'agree[ ] that another violate § 1962(c) by committing two acts of racketeering activity' " (quoting *United States v. Joseph*, 781 F.2d 549, 554 (6th Cir. 1986))). Because Holly Moder's pleading fails to contain factual allegations of such an agreement involving BoA, as opposed to a conclusory allegation of a RICO violation, it does not present a plausible conspiracy claim and the Court must dismiss Count Seven. *See Dimov v. EMC Mortg. Corp.*, No. 1:09-CV-211, 2010 WL 2506717, at *8

8

(E.D. Tenn. June 17, 2010).

BoA also seeks dismissal of the claim for civil conspiracy in Count Eight. Ohio law defines such a claim as " 'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.' " *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863, 866 (1995) (quoting *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 126, 512 N.E.2d 640, 645 (1987)). BoA argues that dismissal is warranted here because Holly Moder failed to plead an underlying requisite tort, because she failed to plead this conspiracy claim with particularity, and because BoA cannot conspire with itself. The first two grounds are unpersuasive in light of the fact that this Court has not dismissed her Count Four fraud claim. Additionally, the incorporation paragraph of Count Eight pulls in just enough factual allegations to satisfy heightened pleading based on fraud. Although a notably close call given the relative lack of clarity in the pleading, the Court is hesitant to conclude at this time that Holly Moder has failed to assert a conspiracy between BoA and any of the non-BoA entities purportedly involved in the mortgage-related dealings.

In Count Nine, Holly Moder presents what BoA correctly describes as a laundry list of claims, all of which she asserts as separate counterclaims. The count fails to present a new claim, however, which means that it fails to states a separate plausible claim for relief . Consequently, dismissal is warranted.

BoA next seeks dismissal of Count Ten, which presents a state law claim for slander of title. The Sixth Circuit has explained that, "[t]o prove slander of title in Ohio, a plaintiff must show that the defendant (1) made a defamatory statement against the property of another, (2)

9

which was false and malicious, and (3) caused actual or special damages." *Specialty Minerals, Inc. v. Dunbar Mech., Inc.*, 164 F. App'x 539, 542 (6th Cir. 2005). BoA argues that even if a false statement were made, it cannot be regarded as defamatory. This argument proves persuasive, because even though Holly Moder did not plead specifically what purportedly false statement she targets in Count Ten, review of her pleading suggests that she is targeting the Mortgage Assignment. Such pleading echoes a similar contention addressed in *Dawes v. BAC Home Loans Servicing LP*, No. 1:10-cv-02637, 2011 WL 2559410 (N.D. Ohio Apr. 27, 2011), which another judicial officer disposed of based on the following rationale:

> Dawes has not actually identified a defamatory statement in his Complaint. The statement that an individual is in default on their home could arguably constitute a defamatory statement if false. That, however, is not the allegation in the case at bar. A careful reading of Dawes's complaint reveals that he has not alleged that Defendants falsely stated that he was in default. Instead, he alleges that Defendants either did not own the Note and/or submitted a "robo-signed affidavit" without any personal knowledge of whether Defendant Countrywide was the holder of the Note. (Compl. at ¶¶ 1, 5, 7, 9–10, 12, 14, 16.) This, however, does not constitute a false *and* defamatory statement. Defendants' allegedly false statement that they owned the Note is not the kind that would tend to harm Dawes's reputation.
>
> Furthermore, even if the Court were to construe Defendants' statement that they owned the Note as defamatory in substance, such statements were made in the course of judicial proceedings and, therefore, cannot serve as the basis of Davis's claim.

*Id.* at *4. The Court agrees with this aspect of *Dawes* and therefore also with BoA's contention that there is nothing defamatory in the factual allegations that Holly Moder has pled. The effect of what flows from that alleged fraud in a foreclosure proceeding might harm Holly Moder's reputation in the community, but the fraud addressed in the pleading cannot. Count Ten warrants dismissal.

Also warranting dismissal is Count Eleven, which, according to BoA, fails to set forth

any factual or legal allegations that put BoA on notice of any claim asserted against it. Count Eleven reads in its entirety: "Defendant incorporates the allegations of Counts One through Ten as if fully made herein." (ECF No.19 ¶ 44.) Accepting all the factual allegations incorporated into this Count as true, Holly Moder has failed to present a plausible claim not already asserted as other counterclaims. Because it is wholly unclear what new claim Holly Moder intends to assert, dismissal of Count Eleven is also appropriate.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** BoA's motion to dismiss. (ECF No. 61.) All of the counterclaims are dismissed as set forth above, except for Counts Four and Eight, which remain pending.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE