UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BAC HOME LOANS SERVICING LP,

    Plaintiff,

    v.

FALL OAKS FARM LLC, et al.,

    Defendants.

Case No. 2:11-cv-274
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Bank of America N.A.'s motion for judgment on the pleadings on Defendant James Moder's counterclaims. (ECF No. 71.) Defendant James Moder failed to file a memorandum in opposition. For the following reasons, the Court **GRANTS** the motion.[1] (ECF No. 71.)

### I. Background

BAC Homes Loans Servicing, L.P. ("BAC") is the holder of a promissory note related to a mortgage on property allegedly purchased by James Moder and Holly Moder. BAC originally filed an action in the Hocking County Court of Common Pleas, asserting that the Moders were in default. The Moders removed the action to this Court, and the removal went unchallenged despite significant deficiencies. BAC amended its complaint to obtain a money judgment and

---

[1] Because the counterclaims asserted by James Moder (ECF No. 52) are generally identical to many of the third-party claims he brought (ECF No. 53) and to the counterclaims brought by Holly Moder (ECF No. 19), much of the instant Opinion and Order is similar if not at times identical to the previous Opinion and Orders by this Court that addressed James Moder's third-party claims (ECF No. 60) and Holly Moder's counterclaims (ECF No. 69).

foreclosure on the underlying property.  (ECF No. 8.)  The Moders in turn filed counterclaims against BAC (ECF Nos. 19, 52), and James Moder filed a third-party complaint against Bank of America Corporation, Mortgage Electronic Registration Systems, Inc., MERSCORP Inc., Ted Cassell, and Shannon Montgomery, as well as against Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A. (ECF No. 53).  Since the initiation of this action, Bank of America N.A. ("BoA") has become the successor by merger to BAC.

After previously obtaining dismissal of several of Jamer's Moder third-party complaint claims (ECF No. 60) and of Holly Moder's counterclaims (ECF No. 69), BoA has now filed a motion for judgment on the pleadings on James Moder's counterclaims (ECF No. 71).  The motion to dismiss is now ripe for disposition.

## II. Discussion

### A. Standard involved

BoA seeks dismissal under Federal Rule of Civil Procedure 12(c), which requires that this Court review the motion in the same manner that the Court would review a motion made under Rule 12(b)(6).  *Ferron v. Zoomego, Inc.*, 276 F. App'x 473, 475 (6th Cir. 2008); *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006).  In order to determine whether James Moder has asserted counterclaims upon which this Court can grant relief, the Court must construe his pleading in his favor, accept the factual allegations contained in his pleading as true, and determine whether the factual allegations present a plausible claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

The Court begins with the threshold matter of what entities James Moder asserted claims against in his counterclaims and in his Third-Party Complaint. This is important because BoA's arguments for dismissal of various counterclaims are based on the premise that James Moder has already asserted these claims against BoA via the Third-Party Complaint. The Court previously remarked upon the apparent issue that the pleading and the succession by merger created:

> This Court recognizes that the third-party complaint asserts many claims against the successor by merger to BAC that James Moder also asserted as counterclaims against BAC. No party has addressed this issue or suggested any possible implications arising as a result of what amounts to duplicative pleading. This Court notes the issue and, properly placing the onus on [the] parties to litigate their respective cases, declines to sua sponte wade into any procedural or substantive effects presented by counterclaims remaining in this case that mirror dismissed third-party claims.

(ECF No. 60, at 13.) The Rule 12(c) motion squarely presents the duplication issue.

3

Three key points inform the validity of BoA's premise of redundant pleading. First, as already noted, BoA become the successor by merger to BAC (which itself was formerly known as Countrywide Home Loans Servicing, L.P.) subsequent to the initiation of this action, which perhaps led to the introduction of some pleading confusion. Second, the caption of the Third-Party Complaint lists BoA as a third-party defendant, but then fails throughout much but not all of the pleading to target BoA expressly (for example, neglecting BoA in the prayer for relief). Third, BoA previously filed a motion to dismiss various claims set forth in the Third-Party Complaint (ECF No. 34) and James Moder filed a memorandum in opposition to that motion (ECF No. 40), which indicates that both BoA and James Moder proceeded as if the Third-Party Complaint claims reached BoA.

The first point explains some of the confusion that may or may not exist in regard to whether James Moder has asserted redundant claims. The second point undercuts this Court's complete confidence that James Moder necessarily intended originally to assert claims against BoA in the Third-Party Complaint, as opposed to splitting claims between his pleadings. The third point persuades this Court that whether by virtue of the pleadings alone or whether as informed by the parties' apparent agreement, the Third-Party Complaint reaches BoA. That *pro se* pleading is entitled to a liberal construction. Perhaps more importantly, even if the Court and the parties are engaging to any degree in a legal fiction in treating the Third-Party Complaint as asserting claims against BoA, there can be no prejudice to James Moder as a result. This is because all of the claims that James Moder seeks to assert against BoA are ultimately recognized as being asserted whether by one pleading or the other. In other words, even if the Court treats some counterclaims as duplicative and dismisses a redundant claim, the corresponding claim in

the Third-Party Complaint exists for disposition on the merits.

Turning to the substantive arguments for dismissal, the Court recognizes that James Moder arguably asserts in Count One either a fraud claim or a combined fraud and conspiracy claim. BoA seeks the dismissal of this counterclaim on several grounds, including the reasoning that a party cannot maintain duplicative claims. Regardless of whether James Moder has asserted a fraud claim, a conspiracy claim, or some intended hybrid of both claims in Count One, that claim is redundant given the existence of his Count Four fraud claim and his Count Eight conspiracy claim, as well as the fraud and conspiracy claim that he asserts in Count One of his Third-Party Complaint, the fraud claim he asserts in Count Two of that pleading, and the conspiracy claim he asserts in Count Ten of the Third-Party Complaint. The dismissal of the duplicative Count One counterclaim is therefore appropriate and cannot prejudice James Moder. *Smith v. Bd. of Trustees Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 899 (N.D. Ohio 2010) ("it is axiomatic that [plaintiff] cannot assert two separate counts alleging the exact same claims" (citing *Mohr v. Chicago Sch. Reform Bd. of Trustees of the Bd. of Educ.*, 993 F. Supp. 1155, 1157 (N.D. Ill.1998))); *cf. Foster v. City of Southfield*, Nos. 95-1032, 95-1072. & 95-1526, 1996 WL 742291, at *6 (6th Cir. Dec. 20, 1996) ("It was not error for the District Court to conclude that submitting both claims to the jury would be duplicative and potentially confusing to the jury.").

BoA next seeks the dismissal of Count Two, which targets an alleged violation of the Ohio Consumer Sales Practices Act, 15 Ohio Revised Code § 1345.01 *et seq.* ("OCSPA"). This claim appears to target the mortgage assignment upon which BoA relies to pursue its case against the Moders. BoA argues that dismissal of this claim is warranted only because it is

duplicative of the pending Count Four that James Moder asserts in this Third-Party Complaint. The Court agrees that dismissal of the redundant counterclaim is correct. *See Smith*, 746 F. Supp. 2d at 899.

In Count Three, James Moder asserts a claim under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). There are no factual allegations, as opposed to unsupported conclusory statements, indicating that BoA falls within the statutory definition of a debt collector. *See* 15 U.S.C. § 1692a(6); *Munger v. Deutsche Bank*, No. 1:11-CV-00585, 2011 WL 2930907, at *6-7 (N.D. Ohio July 18, 2011). Excluded from the statutory definition of a debt collector is a creditor, such as BoA, which is attempting to collect its own debt. *King v. CitiMortgage, Inc.*, No. 2:10-cv-1044, 2011 WL 2970915, at *10 (S.D. Ohio July 20, 2011). BoA is therefore correct in arguing that it is entitled to dismissal of this count because the pleading does not assert any factual or legal claims against BoA that create any FDCPA claim.

BoA argues that it is entitled to dismissal of the common law fraud claim constituting Count Four because it duplicates claims asserted in the Third-Party Complaint. This is correct; Count Four is nearly word-for-word identical to Count Six in the Third-Party Complaint. Dismissal is appropriate. *See Smith*, 746 F. Supp. 2d at 899.

The Court notes that BoA states several times in its briefing that this Court previously dismissed Count Six of the Third-Party Complaint. (ECF No. 71, at 5, 7 n.2.) This is incorrect. Count Six of the Third-Party Complaint remains pending. (ECF No. 60, at 14-15, 20-21.)

BoA next argues that the Court should dismiss Counts Five, Six, and Seven of the counterclaims for the same reasons that this Court previously dismissed the analogous claims set forth in James Moder's Third-Party Complaint. This argument is well taken and incorporates

reference the arguments and analysis related to the Third-Party Complaint.  *See* ECF No. 60, at 16-18.

This analysis disposes of James Moder's Count Five, which asserts that the BoA has violated the Racketeer Influences and Corrupt Organization Act, 18 U.S.C. § 1962 ("RICO"), and Ohio Revised Code § 2923.32 "by engaging in and participating in [his affairs] through a pattern of corrupt activity and the collection of [an] unlawful debt." (ECF No. 52 ¶ 30.)  BoA argues that dismissal is warranted on the grounds that the claim fails to allege any of the requisite elements of a RICO claim.  This Court again agrees, finding another judicial officer's reasoning in an unrelated foreclosure case equally applicable to the pleading involved here:

> Private parties who have been injured by a violation of § 1962 of the RICO statute may bring a civil suit in federal court to collect damages.  18 U.S.C. § 1964(c); *see also Beck v. Prupis*, 529 U.S. 494, 496, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000).  A civil RICO claim has four elements: " '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.' " *Moon v. Harrison Piping Supply,* 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)).
>
> The Defendants contend that the Plaintiffs have not pled the existence of a pattern of racketeering.  "A 'pattern of racketeering activity' is defined by statute as requiring at least two acts of racketeering activity" as predicate offenses.  *Van Dorn Co., Central States Can Co. Div. v. Howington*, 623 F.Supp. 1548, 1553 (N.D. Ohio 1985) (citing 18 U.S.C. § 1961(5)); *see also Moon*, 465 F.3d at 723.  The predicate offenses must be ones "indictable under" a number of federal criminal statutes. 18 U.S.C. § 1961(1).  In the case sub judice, the Plaintiff has not pled the existence of any predicate offenses.

*Hammond*, 2011 WL 4484416, at *8.  Dismissal of the federal RICO claim is warranted at least on this specific rationale.

The remaining component of the multi-pronged Count Five is the state law RICO claim under Ohio Revised Code § 2923.32.  James Moder's pleading fails to set forth with particularity the requisite corrupt activity.  *See* Ohio Rev. Code § 2923.31(I); *cf. McCubbins v. BAC Home*

7

*Loans Serv., L.P.*, No. 2:11-cv-547, 2011 WL 140218, at *8 (S.D. Ohio Jan. 18, 2012). Dismissal of the state law component is therefore also appropriate.

Equally warranting dismissal is Count Six. In this counterclaim, James Moder asserts that BoA violated 18 U.S.C. § 1962(c) by engaging in mail or wire fraud. BoA argues that this counterclaim fails to plead either mail or wire fraud with particularity. Both mail and wire fraud are subject to the particularity requirements of Rule 9(b). *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999). In light of this standard, the Court agrees with BoA. Although the pleading posits that mail fraud occurred each time a note or mortgage document was sent or received by BoA or its agents via the mail (and that the same analysis applies to documents sent via electronic mail for wire fraud), the pleading fails to provide such critical allegations regarding when and by whom any such material was sent. Dismissal is appropriate. *See Urbanek v. All State Home Mortg.*, No. 1:06 CV 1279, 2006 WL 3085638, at *3 (N.D. Ohio Oct. 27, 2006).

Another pleading failure, not tied to Rule 9(b) considerations, also mandates dismissal of the Count Seven RICO claim under 18 U.S.C. § 1962(d). In asserting a conspiracy claim under that statute, James Moder must plead facts presenting an illicit agreement to violate another substantive RICO provision. *Grange Mut. Cas. Co. v. Mack*, 290 F. App'x 832, 835 (6th Cir. 2008) (explaining that "to violate § 1962(d), a defendant need only 'agree[ ] that another violate § 1962(c) by committing two acts of racketeering activity' " (quoting *United States v. Joseph*, 781 F.2d 549, 554 (6th Cir. 1986))). Because James Moder's pleading fails to contain factual allegations of such an agreement involving BoA, as opposed to a conclusory allegation of a RICO violation, it does not present a plausible conspiracy claim and the Court must dismiss

Count Seven. *See Dimov v. EMC Mortg. Corp.*, No. 1:09-CV-211, 2010 WL 2506717, at *8 (E.D. Tenn. June 17, 2010).

BoA also seeks dismissal of the claim for civil conspiracy in Count Eight. The Count Eight claim is the same claim that James Moder asserts in Count Ten of his Third-Party Complaint, which remains pending. Just as the dismissal of his redundant first counterclaim was warranted, the dismissal of the duplicative Count Eight counterclaim is also appropriate. *Smith*, 746 F. Supp. 2d at 899.

In Count Nine, James Moder presents what BoA correctly describes as a laundry list of claims, all of which he asserts as separate counterclaims. The count fails to present a new claim, however, which means that it fails to state a separate plausible claim for relief . Consequently, dismissal of this duplicative count is warranted.

BoA next seeks dismissal of Count Ten, which presents a state law claim for slander of title. The Sixth Circuit has explained that, "[t]o prove slander of title in Ohio, a plaintiff must show that the defendant (1) made a defamatory statement against the property of another, (2) which was false and malicious, and (3) caused actual or special damages." *Specialty Minerals, Inc. v. Dunbar Mech., Inc.*, 164 F. App'x 539, 542 (6th Cir. 2005). BoA argues that even if a false statement were made, it cannot be regarded as defamatory. This argument proves persuasive, because even though James Moder did not plead specifically what purportedly false statement he targets in Count Ten, review of his pleading suggests that he is targeting the Mortgage Assignment. Such pleading echoes a similar contention addressed in *Dawes v. BAC Home Loans Servicing LP*, No. 1:10-cv-02637, 2011 WL 2559410 (N.D. Ohio Apr. 27, 2011), which another judicial officer disposed of based on the following rationale:

9

> Dawes has not actually identified a defamatory statement in his Complaint. The statement that an individual is in default on their home could arguably constitute a defamatory statement if false. That, however, is not the allegation in the case at bar. A careful reading of Dawes's complaint reveals that he has not alleged that Defendants falsely stated that he was in default. Instead, he alleges that Defendants either did not own the Note and/or submitted a "robo-signed affidavit" without any personal knowledge of whether Defendant Countrywide was the holder of the Note. (Compl. at ¶¶ 1, 5, 7, 9–10, 12, 14, 16.) This, however, does not constitute a false *and* defamatory statement. Defendants' allegedly false statement that they owned the Note is not the kind that would tend to harm Dawes's reputation.
>
> Furthermore, even if the Court were to construe Defendants' statement that they owned the Note as defamatory in substance, such statements were made in the course of judicial proceedings and, therefore, cannot serve as the basis of Davis's claim.

*Id.* at *4. The Court agrees with this aspect of *Dawes* and therefore also with BoA's contention that there is nothing defamatory in the factual allegations that James Moder has pled. The effect of what flows from that alleged fraud in a foreclosure proceeding might harm James Moder's reputation in the community, but the fraud addressed in the pleading cannot. Count Ten warrants dismissal.

Also warranting dismissal is Count Eleven, which, according to BoA, fails to set forth any factual or legal allegations that put BoA on notice of any claim asserted against it. Count Eleven reads in its entirety: "Defendant incorporates the allegations of Counts One through Ten as if fully made herein." (ECF No. 52 ¶ 43.) Accepting all the factual allegations incorporated into this Count as true, James Moder has failed to present a plausible claim not already asserted as other counterclaims. Because it is wholly unclear what new claim James Moder intends to assert, dismissal of Count Eleven is also appropriate.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** BoA's motion to dismiss.  (ECF No. 71.)

**IT IS SO ORDERED**.

                                                          /s/ Gregory L. Frost
                                            GREGORY L. FROST
                                            UNITED STATES DISTRICT JUDGE