**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

BAC HOME LOANS SERVICING LP,

      Plaintiff,

                              **Case No. 2:11-cv-274**

  v.                            **JUDGE GREGORY L. FROST**

                                  **Magistrate Judge Terence P. Kemp**

FALL OAKS FARM LLC, et al.,

      Defendants.

**<u>OPINION AND ORDER</u>**

This matter is before the Court for consideration of a motion for summary judgment filed by Bank of America N.A. (ECF No. 85.) For the reasons that follow, the Court finds the motion well taken.

**I. Background**

BAC Homes Loans Servicing, L.P. ("BAC") is the holder of a promissory note related to a mortgage on property purchased by James Moder and Holly Moder. BAC originally filed an action in the Hocking County Court of Common Pleas, asserting that the Moders were in default. The Moders removed the action to this Court, and the removal went unchallenged despite significant deficiencies. BAC amended its complaint to obtain a money judgment and foreclosure on the underlying property. (ECF No. 8.) The Moders in turn filed counterclaims against BAC (ECF Nos. 19, 52), and James Moder filed a third-party complaint against Bank of America Corporation, Mortgage Electronic Registration Systems, Inc., MERSCORP Inc., Ted Cassell, and Shannon Montgomery, as well as against Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A. (ECF No. 53.) Since the initiation of this action, Bank of America N.A. ("BANA") has become the successor by merger to BAC.

Previously, BANA filed a motion to dismiss Holly Moder's counterclaims.  (ECF No. 61.)  This Court granted that motion in regard to nine of the eleven counterclaims asserted. (ECF No. 69.)  The only two counterclaims remaining are Count Four and Count Eight.  BANA subsequently filed the motion for summary judgment *sub judice*, seeking judgment as a matter of law on these two remaining counterclaims.  (ECF No. 85.)  Holly Moder did not file a memorandum in opposition to the motion, which is ripe for disposition.

## II.  Discussion

### A.  Standard Involved

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial.  *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).  Consequently, the central issue is " 'whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*,

477 U.S. at 251-52).

### B. Analysis

In Count Four, Holly Moder asserts a claim for fraud.  Under Ohio law, the elements of a

fraud claim are

> (1) a representation or, where there is a duty to disclose, concealment of a fact, (2)
> which is material to the transaction at hand, (3) made falsely, with knowledge of its
> falsity, or with such utter disregard and recklessness as to whether it is true or false
> that knowledge may be inferred, (4) with the intent of misleading another into
> relying upon it, (5) justifiable reliance upon the representation or concealment, and
> (6) a resulting injury proximately caused by the reliance.

*Williams v. CitiMortgage, Inc.*, No. 11-3431, 2012 WL 3834776, at *2-3 (6th Cir. Sept. 4, 2012)

(quoting *CitiMortgage, Inc. v. Hoge*, 196 Ohio App.3d 40, 48, 962 N.E.2d 327, 333 (Ohio 8th

Dist. Ct. App. 2011)).

BANA argues that summary judgment is warranted because Holly Moder admitted in her

deposition that she has no evidence to support her fraud claim.  Review of the relevant portion of

the deposition transcript indicates that the following exchange took place:

> Q.  And I want you to take a look at what's labeled as Count 4 on page 7.
> Would you read the first sentence of paragraph 29 for me?
>
> A.  "Plaintiff has engaged in common law fraud by making representations
> to its foreclosure action with knowledge of their falsity and with disregard – for
> whether or not they were true."
>
> Q.  What representations has Bank of America made?
>
> A.  I don't know.
>
> Q.  Okay.  So you don't know what representations they made that were
> fraudulent?

3

A.  Are you meaning like what they have said that was fraudulent?

Q.  That's what I am asking you.  What were the material representations they made?

A.  I really don't know.

Q.  Okay.  And do you know that they were made with the knowledge that they were false?

A.  I guess I would have to understand why I'm being asked the questions.

Q.  Well, you are the one who field the claim against Bank fo America.  So I'm asking you on what basis you filed this claim?

A.  I probably filed the claim because my husband said that they were [*sic*] true.

Q.  What was true?

A.  I don't know.

Q.  Okay.  Did they make any reputations to you?[1]

A.  I don't know.

Q.  And you don't know, did they ever say anything directly to you?

A.  I have not spoken to them directly, no.

Q.  And you don't know what representations they made that were fraudulent?

A.  I don't know.

Q.  It's a yes or no.  You do or you don't?

A.  I don't.

Q.  Did you rely on any representations made by Bank of America?

---

[1]  Context and common sense teach that counsel presumably either said or intended to say "representations," not "reputations."  The transcript reflects either a scrivener's error or a misstatement.

4

A.  No.

(ECF No. 80-1, at 4 (Holly Moder Dep. 14-16).)  In light of this exchange, Holly Moder has

failed to present any evidence related to any element of her fraud counterclaim.

This Court "has no duty when deciding a motion for summary judgment to scour the

record for evidence to support a [party's] claims." *AbdulSalaam v. Franklin Cty. Bd. of*

*Commrs.*, 637 F. Supp. 2d 561, 576 (S.D. Ohio 2009).  *See, also, Magnum Towing & Recovery*

*v. City of Toledo*, 287 F. App'x 442, 449 (6th Cir. 2008) ("It is not the district court's . . . duty to

search through the record to develop a party's claims; the litigant must direct the court to

evidence in support of its arguments before the court."); *InterRoyal Corp. v. Sponseller*, 889

F.2d 108, 111 (6th Cir. 1989) ("A district court is not required to speculate on which portion of

the record the nonmoving party relies, nor is it obligated to wade through and search the entire

record for some specific facts that might support the nonmoving party's claim.").  Rather, the

burden is on Holly Moder to understand her own counterclaim and to present this Court with

evidence of that claim.  *See Bickley v. Norfolk & Western Ry. Co.*, 187 F.3d 634, 1999 WL

427026, at *4 (6th Cir. 1999) (unpublished table decision) ("To survive a motion for summary

judgment, it is incumbent upon the nonmovant to point to specific evidence sufficient to show

that a reasonable jury could find for the nonmovant.").  Holly Moder has wholly failed in both

respects.  BANA is entitled to summary judgment on Count Four.

In Count Eight, Holly Moder asserts a claim for civil conspiracy.  Ohio law defines such

a claim as " 'a malicious combination of two or more persons to injure another in person or

property, in a way not competent for one alone, resulting in actual damages.' "  *Kenty v.*

*Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863, 866 (1995) (quoting

*LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 126, 512 N.E.2d 640, 645 (1987)).

Previously, BANA argued that dismissal was warranted because Holly Moder had failed to plead an underlying requisite tort, because she failed to plead this conspiracy claim with particularity, and because BANA could not conspire with itself.  In its April 10, 2012 Opinion and Order, this Court held that the first two grounds were unpersuasive in light of the fact that the Court had declined to dismiss her Count Four fraud claim, as well as the fact that her pleading presented just enough factual allegations to satisfy the heightened pleading related to the fraud allegation.  (ECF No. 69, at 9.)  This Court stated in that decision that "[a]lthough a notably close call given the relative lack of clarity in the pleading, the Court is hesitant to conclude at this time that Holly Moder has failed to assert a conspiracy between [BANA] and any of the [non-BANA] entities purportedly involved in the mortgage-related dealings."  (*Id.*)

BANA argues that it is entitled to summary judgment because Holly Moder now admits that she has no evidence to support her conspiracy claim and because the claim cannot survive without an underlying, unlawful act.  In contrast to the earlier motion to dismiss analysis, which involved accepting the factual allegations of the pleading as true, the summary judgment analysis involved today looks at the evidence.  This evidence includes Holly Moder's deposition testimony, which contains the following exchange:

Q.  What is your understanding of what "civil conspiracy" means?

A.  I don't know, right now.

Q.  Did you know when your husband drafted this, were you aware of what it meant?

6

A.  I'm sure I did.


Q.  How did Bank of America, the Plaintiff, as it's labeled in Count 8, conspire against you?

A.  I don't know.

Q.  Okay.  Did you know when you filed this counterclaim?

A.  I don't know.

Q.  Okay.  Who did they conspire with?

A.  I don't know.  Can I have a break for a moment, please?

(ECF No. 80-1, at 4-5 (Holly Moder Dep. 16-17).)  The next portion of the deposition transcript indicates that Holly Moder's understanding of her own case was no greater upon her return from the break.

Holly Moder has again failed to point this Court to any evidence of the validity of her claim, much less evidence presenting a genuine issue of any material fact.  Accordingly, BANA is also entitled to summary judgment on Count Eight.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** BANA's  motion for summary judgment on Holly Moder's counterclaims.  (ECF No. 85.)

**IT IS SO ORDERED**.

        _____/s/ Gregory L. Frost_____

GREGORY L. FROST

UNITED STATES DISTRICT JUDGE