UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BAC HOME LOANS SERVICING LP,

      Plaintiff,

   v.

FALL OAKS FARM LLC, et al.,

      Defendants.

      Case No. 2:11-cv-274
      JUDGE GREGORY L. FROST
      Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of a motion for summary judgment (ECF No. 84), a memorandum in opposition (ECF No. 93), a reply memorandum (ECF No. 96), a notice of supplemental authority (ECF No. 97), a notice of supplemental authority (ECF No. 98), a response to supplemental authority (ECF No. 103), and another notice of supplemental authority (ECF No. 104). For the reasons that follow, the Court **GRANTS** the motion for summary judgment. (ECF No. 84).

### I. Background

On January 14, 2008, James Moder executed a promissory note in favor of Taylor, Bean, & Whitaker ("TBW"); this note was related to a mortgage executed by Moder and his wife Holly on that same day. Mortgage Electronic Registration Systems, Inc. ("MERS") was the mortgagee on the security instrument and held legal title to the interests granted by the borrowers in that instrument. The mortgage was later modified in November 2008 to correct the legal description of the property involved. Via an endorsement in blank, TBW negotiated the note in 2009 to BAC Homes Loans Servicing, L.P. ("BAC"). BAC became the holder of the note and notified the Moders that BAC was the servicer of the note in August 2009.

The Moders subsequently stopped paying their mortgage in September 2009. James Moder demanded and received documentation from BAC demonstrating BAC's right to collect his payments, but Moder declined to resume payments and sent BAC a cease and desist letter demanding that BAC discontinue its efforts to obtain money from him. In March 2010, well after Moder's default, the mortgage was assigned from MERS to BAC.

BAC originally filed an action in the Hocking County Court of Common Pleas, asserting that the Moders were in default. The Moders removed the action to this Court, and the removal went unchallenged despite significant deficiencies. BAC amended its complaint to obtain a money judgment and foreclosure on the underlying property. (ECF No. 8.) The Moders in turn filed counterclaims against BAC (ECF Nos. 19, 52), and James Moder filed a third-party complaint against Bank of America Corporation (later conceded to be Bank of America N.A.), MERS, MERSCORP Inc., Ted Cassell, and Shannon Montgomery ("the BANA Defendants"), as well as against Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A. ("Carlisle") (ECF No. 53). Since the initiation of this action, Bank of America N.A. ("BANA") has become the successor by merger to BAC.

A flurry of motions practice has occurred since the inception of this case, resulting in this Court having previously dismissed most of the Moder's claims. BANA and the BANA Defendants have filed a motion for summary judgment on BANA's claims and James Moder's remaining third-party claims. (ECF No. 84.) Briefing on that motion has concluded, and the motion is ripe for disposition.

## II. Discussion

**A. Standard Involved**

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

**B. BANA's Claims**

BANA argues that it is entitled to summary judgment on its amended complaint because it is the holder of the promissory note and mortgage involved in this litigation and James Moder is in default. The evidence supports these contentions. This Court will not repeat here every detail of the relevant transactions capably summarized in BANA's briefing because the central

issue in this case is really not what happened but whether the Moders accept the legal effect of what happened. Instead, the Court will note for the benefit of the record that BANA has introduced evidence over which there is no genuine dispute that demonstrates entitlement to judgment as a matter of law.

Examination of the note and mortgage indicates that the failure to make payments constitutes default under both documents. (ECF No. 84-1, at PAGEID #: 1230, 1235.) Other evidence indicates that BANA became the holder of the note in 2009 (ECF No. 84-1, at PAGEID #: 1226 (Littlejohn Aff. ¶ 2)) and that an assignment of the mortgage occurred in 20120 (ECF No. 84-1, at PAGEID#: 1240-243). Despite TBW's bankruptcy, MERS *as the designated mortgagee* was permitted to assign the mortgage as it did. *See Long v. Mortg. Elec. Registration Sys., Inc.*, No. 1:10CV2854, at *2 (N.D. Ohio Jan. 28, 2011) ("In Ohio, it is well settled that MERS, acting as mortgagee and nominee for the lender, may transfer the lender's interest in the mortgage."). Neither MERS nor BANA have objected to that action. Additionally, James Moder admits that he has not paid his mortgage in his deposition testimony. (ECF No. 81-1, at PAGEID #: 1132 (James Moder Depo. at 38-41).) He in fact has not paid his mortgage since 2009.

Moder's theory of the case, as evident from his briefing, his deposition testimony, and his conclusory (and also impermissibly deposition-contradicting) affidavit, is that because BANA does not own the note, he is not obligated to pay his mortgage to BANA. His testimony indicates that Moder fails to understand or appreciate BANA's status:

> Q. Do you know what a holder is? Let me rephrase that. Do you know what the difference between a holder and an owner of a note is?
>
> A. No. I would like for you to explain that to me, though.

> Q. Do you believe that one has to be a holder and owner of your loan to collect on the note?
>
> A. I'm not sure.

(ECF No. 81-1, at PAGEID #: 1132 (James Moder Depo. at 39-40.)  Regardless of whether Moder and his wife understand or accept the status of a holder or what does or does not constitute default under the agreements involved here, a holder such as BANA is entitled to enforce its notes and default has occurred.  And regardless of whether BANA has proved its status to the Moders' satisfaction, it has introduced evidence from which a reasonable factfinder could reach only one conclusion.  The Moders agreed to a mortgage that gave the original holder the ability to assign that mortgage, and an assignment was effectuated and ratified by subsequent conduct.  As explained below, the Moders cannot attack that assignment.  BANA as the holder of the note and mortgage is now trying to enforce its legal rights related to the non-payment of the mortgage obligation.  Consequently, BANA is entitled to summary judgment on its claims.

### C.  James Moder's Third-Party Claims

The BANA Defendant also move for summary judgment on the remaining claims that James Moder asserts in his third-party complaint: Counts One, Two, Three, Four, Six, Ten, and Eleven.  They present a number of arguments for judgment as a matter of law on these claims, beginning with the overarching premise that Moder's claims are simply without a factual foundation.  This is correct.  Moder's theory of the case is that ownership of the mortgage and note have not been proved to his satisfaction.  Moder's subjective satisfaction is not the standard by which the law operates, however, which means that the reasoning upon which he bases his claims is without foundation.  As the BANA Defendants explain in their briefing, the evidence indicates that BANA is the holder of the note and that Moder and his wife elected to not pay on

5

that note for years. Moder's rejection of BANA's ability to enforce its legal rights ignores the legal realities the facts present.

The core of Moder's issues are tied to his rejection of the validity of the mortgage assignment. But under Ohio law, a non-party to a mortgage assignment lacks standing to challenge that assignment. *See Deutsche Bank Nat'l Trust Co. v. Rudolph*, 8th Dist. No. 98383, 2012-Ohio-6141, at ¶ 25, 2012 WL 6727811, at *4 ("when a mortgagor . . . is not a party to the transfer agreement, and her contractual obligations under the mortgage are not affected in any way by the assignment, the mortgagor lacks standing to challenge the validity of the assignment"); *LSF6 Mercury REO Invs. Trust Series 2008-1 c/o Vericrest Fin., Inc. v. Locke*, 10th Dist. No. 11AP-757, 2012-Ohio-4499, at ¶ 29, 2012 WL 4502457, at *9 (holding that homeowner lacked standing to challenge the validity of the assignment of a note and mortgage). Both Moder and his wife therefore lack standing to attack the validity of the mortgage assignment involved here. This Court need not decide whether that lack of standing disposes of all of Moder's claims in this litigation, however, because even assuming *arguendo* that standing exists, each of Moder's third-party claims still fail.

In Count One of the Third-Party Complaint, Moder asserts a claim for fraud. He then asserts a claim for conspiracy involving fraud in Count Two, and in Count Three, it appears that Moder again asserts a fraud claim. The BANA Defendants argue that they are entitled to summary judgment on all three counts for several reasons, including the grounds that Moder has improperly pled redundant claims.

This Court agrees. Moder also asserts a fraud claim in Count Six, which expressly incorporates the preceding allegations. He then asserts a conspiracy claim in Count Ten in

which he relies upon only the incorporated allegations of the first nine counts.  In other words, Moder's inclusion of Count Six and Count Ten capture all of the conduct he breaks into the repetitive first three counts.  Asserting such redundant claims is improper, as this Court explained in addressing Moder's duplicative counterclaims:

> Turning to the substantive arguments for dismissal, the Court recognizes that James Moder arguably asserts in Count One either a fraud claim or a combined fraud and conspiracy claim.  BoA seeks the dismissal of this counterclaim on several grounds, including the reasoning that a party cannot maintain duplicative claims. Regardless of whether James Moder has asserted a fraud claim, a conspiracy claim, or some intended hybrid of both claims in Count One, that claim is redundant given the existence of his Count Four fraud claim and his Count Eight conspiracy claim, as well as the fraud and conspiracy claim that he asserts in Count One of his Third–Party Complaint, the fraud claim he asserts in Count Two of that pleading, and the conspiracy claim he asserts in Count Ten of the Third–Party Complaint.  The dismissal of the duplicative Count One counterclaim is therefore appropriate and cannot prejudice James Moder.  *Smith v. Bd. of Trustees Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 899 (N.D. Ohio 2010) ("it is axiomatic that [plaintiff] cannot assert two separate counts alleging the exact same claims" (citing *Mohr v. Chicago Sch. Reform Bd. of Trustees of the Bd. of Educ.*, 993 F. Supp. 1155, 1157 (N.D. Ill.1998))); *cf. Foster v. City of Southfield*, Nos. 95–1032, 95–1072. & 95–1526, 1996 WL 742291, at *6 (6th Cir. Dec.20, 1996) ("It was not error for the District Court to conclude that submitting both claims to the jury would be duplicative and potentially confusing to the jury.").

*BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, No. 2:11-cv-274, 2012 WL 3283397, at *3 (S.D. Ohio Aug. 10, 2012).  Based upon this same rationale, the BANA Defendants are entitled to summary judgment on Counts One, Two and Three.

In Count Four, James Moder asserts a claim under the Ohio Consumer Sales Practices Act, 15 Ohio Revised Code § 1345.01 *et seq.* ("OCSPA").  This claim targets the mortgage assignment upon which BANA relies to pursue its case against James Moder.  The BANA Defendants argue that they are entitled to summary judgment on Count Four because they did not commit an unfair or deceptive act or practice, they are not suppliers so as to fall within the

7

scope of the OCSPA, and the conduct involved in this litigation does not constitute a consumer transaction within the scope of the OCSPA.

Previously, this Court addressed some of these same arguments in regard to Holly Moder's essentially substantively identical OCSPA counterclaim. The Court stated:

> In the alternative, BoA next argues that dismissal is mandated because it is a mortgage servicer and not a loan officer, mortgage broker, or nonbank mortgage lender, *see* Ohio Rev.Code § 1345.01(A), which means that BoA does not fall within the scope of the OCSPA. *See Hammond v. Citibank, N.A.*, No. 2:10–CV–1071, 2011 WL 4484416, at *8 (S.D. Ohio Sept.27, 2011). This Court is cognizant that there is a lack of uniformity among judicial officers on this issue and that the Supreme Court of Ohio has not yet answered certified questions addressing the issue. *State ex re. DeWine v. GMAC Mortg. L.L.C.*, 129 Ohio St.3d 1446, 951 N.E.2d 1044 (2011). The Court nonetheless agrees that dismissal is warranted based on BoA's analysis. *See Walter v. Wells Fargo Bank, NA*, No. 2:11–cv–912, 2012 WL 641949, at *4 (S.D. Ohio Feb.28, 2012) (citing *McCubbins v. BAC Home Loans Servicing, L.P.*, No. 2:11–cv–547, 2012 WL 140218, at *3 (S.D. Ohio Jan.18, 2012)).

*BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, No. 2:11-cv-274, 2012 WL 1203488, at *2 (S.D. Ohio Apr. 10, 2012). This same analysis applies here and entitles the BANA Defendants to summary judgment on Count Four. *Cf. DeJohn v. Lerner, Sampson & Rothfuss*, No. 1:12CV1705, 2012 WL 6154800, at *3 (N.D. Ohio Dec. 11, 2012).

In Count Six, James Moder asserts a claim for fraud (which incorporates his prior fraud claim or claims). Under Ohio law, the elements of a fraud claim are

> (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.

*Williams v. CitiMortgage, Inc.*, No. 11-3431, 2012 WL 3834776, at *2-3 (6th Cir. Sept. 4, 2012) (quoting *CitiMortgage, Inc. v. Hoge*, 196 Ohio App.3d 40, 48, 962 N.E.2d 327, 333 (Ohio 8th

8

Dist. Ct. App. 2011)).

The BANA Defendants argue that summary judgment is warranted because no statement in the mortgage assignment was directed at Moder, because Moder admits that he did not justifiably rely upon any statement in the mortgage assignment, and because Moder has suffered no injury as a result of any reliance upon a fraudulent statement. This Court has previously addressed similar arguments in other foreclosure-related cases, resulting in analysis such as the following rationale for judgment against the non-paying homeowners:

> [Plaintiffs,] the Perkins[,] do not allege adequately that Wells Fargo intended for *them* to rely on the fraudulent documents or that *they* justifiably relied on the fraudulent documents. The Perkins allege that Wells Fargo submitted fraudulent documents to the Common Pleas Court and therefore committed fraud on the court. But "[a] plaintiff may only bring a fraud claim where the defendant made the representations to induce the plaintiff, not a third party, to act upon them." *Hammond* [*v. Citibank, N.A.*, No. 2:10-CV-1071,] 2011 WL 4484416, at *9 [(S.D. Ohio Sept. 27, 2011)]; *see also Moses v. Sterling Commerce Am., Inc.*, 10th Dist. No. 02AP–161, 2002–Ohio–4327, ¶ 21. The Perkins' allegations that Wells Fargo intended the court to rely on the fraudulent documents and that the court did so rely are insufficient to support the Perkins' fraud claim. *See Moses*, 2002–Ohio–4327, at ¶ 21; *Castellanos v. Deutsche Bank*, No. 1:11–cv–815, 2012 U.S. Dist. LEXIS 93455, at *12, 2012 WL 2684968 (S.D. Ohio July 6, 2012) (dismissing a plaintiff's fraud claim on allegations that the defendant submitted a fraudulent assignment of mortgage in a foreclosure proceeding because the assignment was submitted to and directed toward the foreclosure court and therefore intended to induce the court, and not the plaintiff, to act); *Mccubbins v. BAC Home Loans Serving, L .P.*, No. 2:11–cv–547, 2012 U.S. Dist. LEXIS 5620, at *12–13, 2012 WL 140218 (S.D. Ohio Jan. 18, 2012) (same); *Hammond*, 2011 WL 4484416, at *9 (reaching the same conclusion regarding an allegedly false affidavit that the defendant submitted in a foreclosure proceeding). "If [the Perkins] believe[ ] the Common Pleas judgment was obtained by fraud on that court, [their] remedy is by way of a motion for relief from judgment under Ohio R. Civ. P. 60(B), not by way of a collateral attack on that court's judgment." *Thyne v. GMAC Mortg. Corp.*, No. 3:09–cv–377, 2010 WL 3075185, at *4 (S.D. Ohio Aug.4, 2010); *see also James v. Guaranteed Rate, Inc.*, No. 1:09–cv–673, 2012 WL 3023226, at *5 (S.D. Ohio July 24, 2012).

*Perkins v. Wells Fargo Bank, N.A.*, No. 2:11-cv-952, 2012 WL 5077712, at *7-8 (S.D. Ohio Oct. 18, 2012). *See, also, DeJohn*, 2012 WL 6154800, at *3-4. The same rationale applies here.

9

Additionally, as the BANA Defendants correctly note, Moder elected to stop paying his mortgage well before the mortgage assignment, a fact that undercuts his reliance theory. Moder's own testimony also undercuts his allegations of fraud. His deposition transcript contains the following exchange in regard to the fraud he asserts:

> Q. Now, how did you rely on those false representations?
>
> A. How did I?
>
> Q. Yes.
>
> A. What do you mean?
>
> Q. You allege that you had justified or [sic] relied on said representations, how did you do that?
>
> A. I'm not sure. I assume that, I mean, if I didn't fight this like I'm fighting it, then I would just put my tail between my legs and say, oh, yeah, they do own the note.

(ECF No. 81-1, at PAGEID #: 1134 (Moder Depo. at 48).)  Moder thus concedes a failure of justifiable reliance, which provides an additional reason why the BANA Defendants are deserving of summary judgment on the combined fraud claims joined in Count Six.

In Count Ten, James Moder asserts a claim for civil conspiracy (which incorporates his prior conspiracy claim or claims). Ohio law defines such a claim as " 'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.' " *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863, 866 (1995) (quoting *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 126, 512 N.E.2d 640, 645 (1987)). The BANA Defendants argue that summary judgment is warranted because Moder has failed to present an underlying requisite tort. Given the failure of the Count Four OCSPA claim and the Count Six omnibus fraud claim, this Court

agrees with the BANA Defendants. *DeJohn*, 2012 WL 6154800, at *4-5.

In Count Eleven, Moder presents a laundry list of his previously asserted claims without stating a new factual basis or claim for relief. The BANA Defendants argue that they are therefore entitled to summary judgment on this duplicative count, and they are correct. *See Smith*, 746 F. Supp. 2d at 899.

Because the foregoing reasons dispose of Moder's third-party claims against the BANA Defendants, this Court need not and does not opine on their moot alternative arguments for summary judgment.

### III.  Conclusion

The Court **GRANTS** the motion for summary judgment filed by BANA and the BANA Defendants.  (ECF No. 84).

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE