UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BAC HOME LOANS SERVICING LP,**

    **Plaintiff,**

    v.

**FALL OAKS FARM LLC, et al.,**

    **Defendants.**

Case No. 2:11-cv-274
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of a motion for judgment on the pleadings (ECF No. 78) and a motion for summary judgment (ECF No. 94), both of which were filed by Third-Party Defendant Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A.  For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for judgment on the pleadings (ECF No. 78) and **GRANTS** the motion for summary judgment. (ECF No. 94.)

### I.  Background

This is a mortgage foreclosure case in which Bank of America N.A. ("BANA") is the holder of a promissory note related to a mortgage on property allegedly purchased by James Moder and Holly Moder.[1]  BANA originally filed an action in the Hocking County Court of Common Pleas, asserting that the Moders were in default.  The Moders removed the action to this Court, and the removal went unchallenged despite significant deficiencies.  BANA amended

---

[1] BANA is the successor by merger to BAC Homes Loans Servicing, L.P., which was actually the holder of the promissory note at the initiation of this action.  For ease of reference, the Court shall simply refer to all actions taken herein as performed by BANA.  For a fuller description of the background facts, see this Court's January 18, 2013 Opinion and Order, which is incorporated by reference.  (ECF No. 1106, at PAGEID # 1688-89.)

its pleading to obtain a money judgment and foreclosure on the underlying property. (ECF No. 8.) The Moders in turn filed counterclaims against BAC (ECF Nos. 19, 52), and James Moder filed a third-party complaint against Bank of America Corporation, Mortgage Electronic Registration Systems, Inc., MERSCORP Inc., Ted Cassell, and Shannon Montgomery ("the BANA Defendants"), as well as against the law firm representing BANA, Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A. ("Carlisle") (ECF No. 53).

Carlisle previously filed a motion for leave to file a motion to dismiss or an answer. (ECF No. 45.) This Court granted leave to plead, accepted Carlisle's filing as an answer, and denied the motion to dismiss component of that document as untimely filed. (ECF No. 60, at 5-7.) The Court also noted, however, that Carlisle remained free to raise its grounds for dismissal in a Rule 12(c) motion for judgment on the pleadings or elsewhere later in the case. (*Id.* at 7.) Carlisle elected to do just that and filed a motion for judgment on the pleadings on August 29, 2012. (ECF No. 78.) Carlisle has also filed a motion for summary judgment on select claims asserted in the third-party complaint. (ECF No. 94.) James Moder did not file a memorandum in opposition to either motion, both of which are ripe for disposition.

## II. Discussion

### A. Motion to Dismiss

#### *1. Standard Involved*

Carlisle seeks dismissal under Federal Rule of Civil Procedure 12(c), which requires that this Court review the motion in the same manner that the Court would review a motion made under Rule 12(b)(6). *Ferron v. Zoomego, Inc.*, 276 F. App'x 473, 475 (6th Cir. 2008); *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). In order to determine whether James

Moder has asserted claims in his third-party complaint upon which this Court can grant relief, the Court must construe that pleading in his favor, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### 2. Analysis

As a threshold matter, this Court must address Carlisle's disturbingly poor briefing on its Rule 12(c) motion. To place this discussion in the proper context, it is necessary to begin with the fact that the Magistrate Judge had previously ordered James Moder and Holly Moder as the removing parties to file all copies of all records and proceedings other than those that were

3

attached to the notice of removal. (ECF No. 50.) This was necessary because, in the course of preparing to address this litigation, both the undersigned and Magistrate Judge discovered that the state court record filed here was initially incomplete. As part of the supplemental record filings, this Court was supplied with the third-party complaint filed by James Moder. (ECF No. 53.)

After subsequently reading Carlisle's Rule 12(c) motion and its memorandum in support, however, this Court was concerned that the docket continued to fail to reflect the appropriate pleadings. What caused this concern was the fact that the Rule 12(c) briefing repeatedly addresses claims that do not exist in this litigation and repeatedly cites to "record" material that is not in the record (in other words, Carlisle pinpoint cites to pages or paragraphs in the third-party complaint and elsewhere that simply do not exist). The Court also recognized that Carlisle states in its motion for summary judgment briefing that "on April 3, 2011, Moder filed his TPC against no fewer than seven parties, including Carlisle, and asserted fifteen claims. (ECF No. 53.)" (ECF No. 94, at PAGEID # 1483.) Carlisle's citation to "ECF No. 53" matches the third-party complaint on the Court's docket, but as the time-stamp on the first page of that pleading indicates, the third-party complaint was filed in the state court on March 3, 2011, not on April 3, 2011. (ECF No. 53, at PAGEID # 796.) Additionally, the third-party complaint on the docket contains only fourteen counts, not fifteen claims as Carlisle states. (ECF No. 53 ¶¶ 1-39.) Such curious discrepancies raised the possibility that Moder had served Carlisle with an amended third-party complaint in April 2011 that had never been filed with any court.

Concerned that the docket did not include such an amended third-party complaint or some other pleading or filings–and generally confused by much of the Rule 12(c) briefing

choices–the undersigned had his law clerk contact by telephone Carlisle's counsel. Because the Magistrate Judge had already ordered the Moders to supplement the docket with all missing documents, the Moders had already been afforded the opportunity to remedy any docket error. Moreover, given the Moders' *pro se* status, this Court concluded that perhaps counsel could provide additional clarification.

Such clarification was not forthcoming. Counsel for Carlisle initially represented that the issues surrounding the briefing were possibly the result of an additional pleading that was not part of the federal docket, but counsel subsequently informed the law clerk that it did not appear that any such additional pleading existed. Counsel also suggested that typographical errors were involved, but scrivener's errors do not explain many of the inexplicable briefing issues discussed below. Regardless of whatever is the underlying cause of the state of the briefing–typographical errors, sloppy cutting and pasting without effective editorial supervision, gross incompetency, other unidentified factors, or a combination of all of the above–the motion practice before this Court ultimately presents less than ideal advocacy. Because Carlisle elected to stand by this briefing, the Court shall proceed to address the Rule 12(c) motion.

The Court notes that it is addressing some but not all of the briefing because Carlisle has provided this Court with many at best ineffective and at worst incomprehensible briefing provisions. Such a curious approach arguably violates the Local Civil Rules, which require that "[a]ll motions and applications tendered for filing shall be accompanied by a memorandum in support thereof which shall be a brief statement of the grounds, with citations of authorities relied upon." S. D. Ohio Civ. R. 7.2(a)(1). It unarguably violates common sense and good practice. It makes little sense to be confusing when you are telling the Court that your

5

entitlement to judgment is clear.

Turning to Carlisle's arguments, this Court begins with the assertion that judgment on the pleadings is warranted on the entirety of Moder's third-party claims because he lacks standing. This is perhaps not a bad argument. The BANA Defendants recently pursued this same rationale for summary judgment. But immediately after presenting this assertion, Carlisle directs this Court via its first citation to "ECF No. 49, pp. 27-28." (ECF No. 78, at PAGEID # 1082.) This is unhelpful because the forty-ninth filing on the docket is a two-page *pro hac vice* order filed by the Magistrate Judge.

In regard to this portion of the Rule 12(c) motion, the Court elects to address the alternative arguments for relief presented elsewhere in the Rule 12(c) briefing and in the motion for summary judgment. By this approach, the Court can avoid much of the confusion the briefing presents and not waste its time when a dispositive argument exists elsewhere in the filings before this Court. *See Simpson v. Mack*, No. 1:11-cv-314-HJW, 2012 WL 3028522, at *1 (S.D. Ohio July 25, 2012) ("To the extent [Defendant's] motion may be construed as a Rule 12(c) motion, [he] has already filed a well-supported motion for summary judgment under Rule 56, which is dispositive. In the interest of judicial economy, this Court will consider the motion under Rule 56(c)."); *Galloway v. Swanson*, No. 5:09CV02834, 2011 WL 5838188, at *1 (N.D. Ohio Nov. 8, 2011) (addressing in one decision both a motion for judgment on the pleadings and a motion and summary judgment filed by the same party, although both considered under Rule 56 standard).

Proceeding from the standing argument to Section C of its briefing, Carlisle next argues that it is entitled to judgment on Moder's Racketeer Influenced and Corrupt Organizations Act

6

("RICO") claim. Carlisle targets whether Moder has pled an enterprise and a pattern of racketeering activity. As Carlisle correctly notes, this Court has previously addressed both the RICO claim and the rationale for judgment, which another third-party defendant had asserted:

> In Count Seven, James Moder asserts that the BANA Defendants have violated the Racketeer Influences and Corrupt Organization Act, 18 U.S.C. § 1962 ("RICO"), and Ohio Revised Code § 2923.32 "by engaging in and participating in [his affairs] through a pattern of corrupt activity and the collection of an unlawful debt." (ECF No. 53 ¶ 21.) The BANA Defendants argue that dismissal is warranted on the grounds that the claim fails to allege any of the requisite elements of a RICO claim. This Court agrees, finding another judicial officer's reasoning in an another foreclosure case equally applicable to the third-party complaint here:
>
>> Private parties who have been injured by a violation of § 1962 of the RICO statute may bring a civil suit in federal court to collect damages. 18 U.S.C. § 1964(c); *see also Beck v. Prupis*, 529 U.S. 494, 496, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000). A civil RICO claim has four elements: " '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.' " *Moon v. Harrison Piping Supply,* 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)).
>>
>> The Defendants contend that the Plaintiffs have not pled the existence of a pattern of racketeering. "A 'pattern of racketeering activity' is defined by statute as requiring at least two acts of racketeering activity" as predicate offenses. *Van Dorn Co., Central States Can Co. Div. v. Howington*, 623 F.Supp. 1548, 1553 (N.D. Ohio 1985) (citing 18 U.S.C. § 1961(5)); *see also Moon*, 465 F.3d at 723. The predicate offenses must be ones "indictable under" a number of federal criminal statutes. 18 U.S.C. § 1961(1). In the case sub judice, the Plaintiff has not pled the existence of any predicate offenses.
>
> *Hammond v. Citibank, N.A.*, No. 2:10-CV-1071, 2011 WL 4484416, at *8 (S.D. Ohio Sept. 27, 2011). Dismissal of the federal RICO claim is warranted at least on this specific rationale.

*BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, 848 F. Supp. 2d 818, 828 (S.D. Ohio 2013). For the same reasons, Carlisle is entitled to judgment on the federal component of its RICO claim constituting Count Seven.

7

As noted in the incorporated discussion, Count Seven also includes a state law component. In Section I of its Rule 12(c) briefing, Carlisle seeks judgment on the pleading on Moder's R.C. § 2923.32 claim. Carlisle directs this Court to "CC, ¶¶ 156-157" of the third-party complaint. This is odd because that pleading contains only just over sixty paragraphs, and the state law claim Carlisle is addressing is set forth at paragraph twenty-one. The "CC" might suggest that Carlisle has accidently confused the third-party complaint with Moder's counterclaims, but Moder did not assert the counterclaims against Carlisle, the relevant counterclaim paragraph is paragraph 30, and the counterclaim pleading also comes in at approximately sixty paragraphs. (ECF No. 52.) The Court does not know what Carlisle is referencing.

This Court does know, however, that the rationale Carlisle presents for judgment prevails based on the same rationale previously endorsed by this Court in regard to another third-party defendant's similar motion:

> The remaining component of the multi-pronged Count Seven is the state law RICO claim under Ohio Revised Code § 2923.32. James Moder's pleading fails to set forth the requisite corrupt activity. *See* Ohio Rev. Code § 2923.31(I); *cf. McCubbins v. BAC Home Loans Serv., L.P.*, No. 2:11-cv-547, 2011 WL 140218, at *8 (S.D. Ohio Jan. 18, 2012). Dismissal of the state law component is also appropriate.

*BAC Home Loans Servicing LP*, 848 F. Supp. 2d at 882. Thus, Carlisle obtains judgment on the entirety of Count Seven.

Returning to the order of Carlisle's briefing, the firm next argues in Section D of its memorandum that it is entitled to judgment on Moder's claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). This appears to target Count Five, although the briefing does not specifically indicate the count involved.

8

Carlisle argues that the only basis Moder has pled for his FDCPA claim is fraud and directs this Court to the eighth paragraph of the third-party complaint. This is actually a correct reference. Paragraph Eight provides that Carlisle's fraud is claiming that BANA *owns* the note and mortgage involved in the captioned litigation. But as Carlisle points out–albeit without providing this Court with specific paragraph references–the amended complaint in this litigation pleads only that BANA is the *holder* of the note and mortgage. *See, e.g.,* ECF No. 8, at PAGEID # 424 Count One ¶ 1 ("Plaintiff says that it is the holder of a certain promissory note . . . ."), Count Two ¶ 1 ("Plaintiff incorporates herein by reference all of the allegations contained in its first count, and further says that it is the holder of a certain mortgage deed, securing the payment of said promissory note . . . ."). Moder has thus failed to plead fraud. Due to this failure to plead a predicate foundation to support the FDCPA claim, Carlisle also obtains judgment on Count Five.

In Section E of its Rule 12(c) briefing, Carlisle seeks judgment on Moder's claim under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"). Review of Count Thirteen, Moder's only RESPA claim, indicates that Moder pleads only that *BANA* failed to respond to his qualified written request for information. (ECF No. 53 ¶ 35.) In other words, Carlisle has moved for judgment on a claim that Moder has not asserted against it. The Court declines to enter such judgment.

Section F of the briefing is equally confounding. In this section, Carlisle argues that this Court should enter judgment on its behalf on Moder's Truth-in-Lending Act claim. Moder has not asserted such a claim in this third-party complaint. Accordingly, the Court also denies this portion of Carlisle's motion.

9

Carlisle continues to pursue phantom vindication in Section G of its briefing. That section contains an argument as to why Carlisle is entitled to judgment on Moder's Fair Credit Reporting Act claim. This is unusual because Moder has not asserted a Fair Credit Reporting Act claim in his third-party complaint. The Court denies this portion of the Rule 12(c) motion.

Section H of the briefing places Carlisle on much more concrete ground because it addresses a claim that Moder has asserted, his Count Four claim under the Ohio Consumer Sales Practices Act, 15 Ohio Revised Code § 1345.01 *et seq.* ("OCSPA"). Because Carlisle not only repeats this argument in its summary judgment motion, but also presents a fuller rationale for a disposition in Carlisle's favor in that document, the Court shall address Count Four in its summary judgment discussion below.

Carlisle returns to unfortunate form in Section J of its Rule 12(c) briefing. That section consists of two sentences and purports to address "yet another [O]CSPA claim" asserted in "Count Eight." (ECF No. 78, at PAGEID # 1092.) Count Eight is not an OCSPA claim, however. Rather, Count Eight is a claim under 18 U.S.C. § 1962(c). (ECF No. 53 ¶¶ 22-24.) Count Nine is another RICO claim under 18 U.S.C. § 1962(d). It appears that Carlisle intended to sweep both of these counts within its Section C argument for dismissal of what the firm designated "the RICO claim" because at least a portion of the points Carlisle raises presents the invalidity of these related claims. Fairly reading the reference to a singular RICO claim to encompass all of the RICO claims asserted, the Court agrees that Moder's claims under §§ 1962(c) and (d) also fail for want of the requisite pattern. *See Troyer v. Hershberger*, No. 5:11cv2536, 2012 WL 488251, at *8 (N.D. Ohio Feb. 14, 2012) (holding that mail fraud and wire fraud allegations in a mortgage foreclosure case failed to constitute a pattern of racketeering

10

activity); *Miller v. Countrywide Home Loans*, 747 F. Supp. 2d 947, 963-64 (S.D. Ohio 2010) (finding no pattern in a mortgage foreclosure case involving claims of mail fraud and wire fraud).

Section K of the briefing then presents an argument as to why Carlisle is entitled to judgment on Moder's wrongful foreclosure claim. To support this argument, Carlisle again directs this Court to "ECF No. 49, p. 22," which are non-existent pages that are purportedly part of the previously referenced two-page *pro hac vice* order filed by the Magistrate Judge. (ECF No. 49.) Also curious is that Moder has not asserted a wrongful foreclosure claim against Carlisle.

In Section L of the briefing, Carlisle addresses Moder's conspiracy claim without identifying which count is involved. The Court will address Carlisle's summary judgment motion in regard to the conspiracy claims involved in the third-party complaint.

Section M of the briefing is an attack on "Moder's negligent servicing claim." (ECF No. 78, at PAGEID # 1093.) Not surprisingly, there is no such claim against Carlisle in the third-party complaint.

Equally unsurprising, unfortunately, is Section N. In that portion of the briefing, Carlisle targets Moder's breach of contract and breach of good faith and fair dealing claim. According to the pinpoint citation in Carlisle's briefing, this non-existent claim is set forth at the non-existent paragraphs 167-169 of the third-party complaint. The Court also declines to grant judgment in Carlisle's favor on this portion of the briefing.

Section O of the briefing addresses Moder's claim for slander of title. Carlisle seeks judgment on the grounds that even if the of the third-party complaint are true, they fail to present

11

a slander claim. The Court has already agreed with this rationale, previously explaining in this litigation:

> Count Twelve presents a state law claim for slander of title. The Sixth Circuit has explained that, "[t]o prove slander of title in Ohio, a plaintiff must show that the defendant (1) made a defamatory statement against the property of another, (2) which was false and malicious, and (3) caused actual or special damages." *Specialty Minerals, Inc. v. Dunbar Mech., Inc.*, 164 F. App'x 539, 542 (6th Cir. 2005). The BANA Defendants argue that even if a false statement was made, it cannot be regarded as defamatory. This argument proves persuasive, because even though James Moder did not plead specifically what purportedly false statement he targets in Count Twelve, review of his pleading suggests that the BANA Defendants are correct in directing this Court to the third-party complaint's allegation that BAC and all third-party defendants "conspired . . . to prepare, robosign and record a fraudulent Mortgage Assignment falsely claiming that [James Moder] purchased [the mortgage involved in this litigation]." (ECF No. 53 ¶ 5.) Such an allegation echoes a similar contention addressed in *Dawes v. BAC Home Loans Servicing LP*, No. 1:10-cv-02637, 2011 WL 2559410 (N.D. Ohio Apr. 27, 2011), which another judicial officer disposed of based on the following rationale:
>
>> Dawes has not actually identified a defamatory statement in his Complaint. The statement that an individual is in default on their home could arguably constitute a defamatory statement if false. That, however, is not the allegation in the case at bar. A careful reading of Dawes's complaint reveals that he has not alleged that Defendants falsely stated that he was in default. Instead, he alleges that Defendants either did not own the Note and/or submitted a "robo-signed affidavit" without any personal knowledge of whether Defendant Countrywide was the holder of the Note. (Compl. at ¶¶ 1, 5, 7, 9–10, 12, 14, 16.) This, however, does not constitute a false *and* defamatory statement. Defendants' allegedly false statement that they owned the Note is not the kind that would tend to harm Dawes's reputation.
>>
>> Furthermore, even if the Court were to construe Defendants' statement that they owned the Note as defamatory in substance, such statements were made in the course of judicial proceedings and, therefore, cannot serve as the basis of [Dawes'] claim.
>
> *Id.* at *4. The Court agrees with *Dawes* and therefore also with the BANA Defendants' contention that there is nothing defamatory in the factual allegations of the third-party complaint. The effect of what flows from that alleged fraud in a foreclosure proceeding might harm James Moder's reputation in the community, but

12

the fraud addressed in the pleading cannot. Count Twelve warrants dismissal. *BAC Home Loans Servicing LP*, 848 F. Supp. 2d at 829-30. Judgment under Rule 12(c) is warranted on the Count Twelve slander of title claim.

Finally, in Section P of the Rule 12(c) briefing, Carlisle seeks judgment on the pleadings on Moder's claim for injunctive relief. There is no such claim in the third-party complaint. Moder's pleading regarding injunctive relief is set forth in his prayer, not as part of any claim.

### B. Motion for Summary Judgment

#### *1. Standard Involved*

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

### 2. Analysis

The Court notes that Moder failed to file a memorandum in opposition to Carlisle's motion for summary judgment within the established briefing deadline. This is relevant because, as the Sixth Circuit has explained,

> a district court is not required to search the record to determine whether genuine issues of material fact exist when the non-moving party has failed to point them out. *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) ("The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact."). Instead, when the non-movant has failed to point out a question of fact on an issue, a district court's "reliance on the facts advanced by the movant is proper and sufficient." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (in the context of an unopposed summary judgment motion).

*Wardle v. Lexington-Fayette Urban County Gov't*, 45 F. App'x 505, 509-10 (6th Cir. 2002). Accordingly, this Court can limit its review to the facts advanced by Carlisle that form the basis for many of the arguments involved today. *See Saunders v. Whitehall Police Dep't*, No. 2:11-cv-00517, 2013 WL 146369, at *2 (S.D. Ohio Jan. 14, 2013) ("When a motion for summary judgment is unopposed, the Court may properly limit its review to the facts relied on by defendant. It has no duty to search the record.").

Carlisle initially argues that it is entitled to summary judgment on the first three counts of the third-party complaint because these counts are duplicative of counts later asserted in that pleading. This is the same rationale upon which the BANA Defendants prevailed in their respective motion for summary judgment. (ECF No. 106.) In addressing that rationale, this

14

Court explained:

> In Count One of the Third-Party Complaint, Moder asserts a claim for fraud. He then asserts a claim for conspiracy involving fraud in Count Two, and in Count Three, it appears that Moder again asserts a fraud claim. The BANA Defendants argue that they are entitled to summary judgment on all three counts for several reasons, including the grounds that Moder has improperly pled redundant claims.
>
> This Court agrees. Moder also asserts a fraud claim in Count Six, which expressly incorporates the preceding allegations. He then asserts a conspiracy claim in Count Ten in which he relies upon only the incorporated allegations of the first nine counts. In other words, Moder's inclusion of Count Six and Count Ten capture all of the conduct he breaks into the repetitive first three counts. Asserting such redundant claims is improper, as this Court explained in addressing Moder's duplicative counterclaims:
>
>> Turning to the substantive arguments for dismissal, the Court recognizes that James Moder arguably asserts in Count One either a fraud claim or a combined fraud and conspiracy claim. BoA seeks the dismissal of this counterclaim on several grounds, including the reasoning that a party cannot maintain duplicative claims. Regardless of whether James Moder has asserted a fraud claim, a conspiracy claim, or some intended hybrid of both claims in Count One, that claim is redundant given the existence of his Count Four fraud claim and his Count Eight conspiracy claim, as well as the fraud and conspiracy claim that he asserts in Count One of his Third–Party Complaint, the fraud claim he asserts in Count Two of that pleading, and the conspiracy claim he asserts in Count Ten of the Third–Party Complaint. The dismissal of the duplicative Count One counterclaim is therefore appropriate and cannot prejudice James Moder. *Smith v. Bd. of Trustees Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 899 (N.D. Ohio 2010) ("it is axiomatic that [plaintiff] cannot assert two separate counts alleging the exact same claims" (citing *Mohr v. Chicago Sch. Reform Bd. of Trustees of the Bd. of Educ.*, 993 F. Supp. 1155, 1157 (N.D. Ill.1998))); *cf. Foster v. City of Southfield*, Nos. 95–1032, 95–1072. & 95–1526, 1996 WL 742291, at *6 (6th Cir. Dec.20, 1996) ("It was not error for the District Court to conclude that submitting both claims to the jury would be duplicative and potentially confusing to the jury.").
>
> *BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, No. 2:11-cv-274, 2012 WL 3283397, at *3 (S.D. Ohio Aug. 10, 2012). Based upon this same rationale, the BANA Defendants are entitled to summary judgment on Counts One, Two and Three.

*BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, No. 2:11-cv-274, 2013 WL 210729, at *4 (S.D. Ohio Jan. 18, 2013). Based on this same reasoning, the Court agrees with Carlisle that summary judgment is warranted on Counts One, Two, and Three.

Carlisle then asserts that summary judgment is also appropriate on the remaining fraud claims or claims, and the firm's arguments again invoke this Court's prior discussion of the same claims and arguments in regard to the BANA Defendants:

> In Count Six, James Moder asserts a claim for fraud (which incorporates his prior fraud claim or claims). Under Ohio law, the elements of a fraud claim are
>
>> (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.
>
> *Williams v. CitiMortgage, Inc.*, No. 11-3431, 2012 WL 3834776, at *2-3 (6th Cir. Sept. 4, 2012) (quoting *CitiMortgage, Inc. v. Hoge*, 196 Ohio App.3d 40, 48, 962 N.E.2d 327, 333 (Ohio 8th Dist. Ct. App. 2011)).
>
> The BANA Defendants argue that summary judgment is warranted because no statement in the mortgage assignment was directed at Moder, because Moder admits that he did not justifiably rely upon any statement in the mortgage assignment, and because Moder has suffered no injury as a result of any reliance upon a fraudulent statement. This Court has previously addressed similar arguments in other foreclosure-related cases, resulting in analysis such as the following rationale for judgment against the non-paying homeowners:
>
>> [Plaintiffs,] the Perkins[,] do not allege adequately that Wells Fargo intended for *them* to rely on the fraudulent documents or that *they* justifiably relied on the fraudulent documents. The Perkins allege that Wells Fargo submitted fraudulent documents to the Common Pleas Court and therefore committed fraud on the court. But "[a] plaintiff may only bring a fraud claim where the defendant made the representations to induce the plaintiff, not a third party, to act upon them." *Hammond* [*v. Citibank, N.A.*, No. 2:10-CV-1071,] 2011 WL 4484416, at *9 [(S.D. Ohio Sept. 27, 2011)]; *see also Moses v.*

16

> *Sterling Commerce Am., Inc.*, 10th Dist. No. 02AP–161, 2002–Ohio–4327, ¶ 21. The Perkins' allegations that Wells Fargo intended the court to rely on the fraudulent documents and that the court did so rely are insufficient to support the Perkins' fraud claim. *See Moses*, 2002–Ohio–4327, at ¶ 21; *Castellanos v. Deutsche Bank*, No. 1:11–cv–815, 2012 U.S. Dist. LEXIS 93455, at *12, 2012 WL 2684968 (S.D. Ohio July 6, 2012) (dismissing a plaintiff's fraud claim on allegations that the defendant submitted a fraudulent assignment of mortgage in a foreclosure proceeding because the assignment was submitted to and directed toward the foreclosure court and therefore intended to induce the court, and not the plaintiff, to act); *Mccubbins v. BAC Home Loans Serving, L .P.*, No. 2:11–cv–547, 2012 U.S. Dist. LEXIS 5620, at *12–13, 2012 WL 140218 (S.D. Ohio Jan. 18, 2012) (same); *Hammond*, 2011 WL 4484416, at *9 (reaching the same conclusion regarding an allegedly false affidavit that the defendant submitted in a foreclosure proceeding). "If [the Perkins] believe[ ] the Common Pleas judgment was obtained by fraud on that court, [their] remedy is by way of a motion for relief from judgment under Ohio R. Civ. P. 60(B), not by way of a collateral attack on that court's judgment." *Thyne v. GMAC Mortg. Corp.*, No. 3:09–cv–377, 2010 WL 3075185, at *4 (S.D. Ohio Aug.4, 2010); *see also James v. Guaranteed Rate, Inc.*, No. 1:09–cv–673, 2012 WL 3023226, at *5 (S.D. Ohio July 24, 2012).

*Perkins v. Wells Fargo Bank, N.A.*, No. 2:11-cv-952, 2012 WL 5077712, at *7-8 (S.D. Ohio Oct. 18, 2012). *See, also, DeJohn*, 2012 WL 6154800, at *3-4. The same rationale applies here.

Additionally, as the BANA Defendants correctly note, Moder elected to stop paying his mortgage well before the mortgage assignment, a fact that undercuts his reliance theory.  Moder's own testimony also undercuts his allegations of fraud.  His deposition transcript contains the following exchange in regard to the fraud he asserts:

> Q.  Now, how did you rely on those false representations?
>
> A.  How did I?
>
> Q.  Yes.
>
> A.  What do you mean?
>
> Q.  You allege that you had justified or [*sic*]  relied on said representations, how did you do that?

17

> A. I'm not sure. I assume that, I mean, if I didn't fight this like I'm fighting it, then I would just put my tail between my legs and say, oh, yeah, they do own the note.

(ECF No. 81-1, at PAGEID #: 1134 (Moder Depo. at 48).) Moder thus concedes a failure of justifiable reliance, which provides an additional reason why the BANA Defendants are deserving of summary judgment on the combined fraud claims joined in Count Six.

*BAC Home Loans Servicing LP*, 2013 WL 210729, at *5-6. Carlisle is thus entitled to summary judgment on Count Six.

Turning to Count Four, Carlisle similarly invokes the same grounds for summary judgment upon which the BANA Defendants recently prevailed. This Court explained the analysis involved as follows:

> In Count Four, James Moder asserts a claim under the Ohio Consumer Sales Practices Act, 15 Ohio Revised Code § 1345.01 *et seq.* ("OCSPA"). This claim targets the mortgage assignment upon which BANA relies to pursue its case against James Moder. The BANA Defendants argue that they are entitled to summary judgment on Count Four because they did not commit an unfair or deceptive act or practice, they are not suppliers so as to fall within the scope of the OCSPA, and the conduct involved in this litigation does not constitute a consumer transaction within the scope of the OCSPA.
>
> Previously, this Court addressed some of these same arguments in regard to Holly Moder's essentially substantively identical OCSPA counterclaim. The Court stated:
>
>> In the alternative, BoA next argues that dismissal is mandated because it is a mortgage servicer and not a loan officer, mortgage broker, or nonbank mortgage lender, *see* Ohio Rev.Code § 1345.01(A), which means that BoA does not fall within the scope of the OCSPA. *See Hammond v. Citibank, N.A.*, No. 2:10–CV–1071, 2011 WL 4484416, at *8 (S.D. Ohio Sept.27, 2011). This Court is cognizant that there is a lack of uniformity among judicial officers on this issue and that the Supreme Court of Ohio has not yet answered certified questions addressing the issue. *State ex re. DeWine v. GMAC Mortg. L.L.C.*, 129 Ohio St.3d 1446, 951 N.E.2d 1044 (2011). The Court nonetheless agrees that dismissal is warranted based on BoA's analysis. *See Walter v. Wells Fargo Bank, NA*, No.

18

> 2:11–cv–912, 2012 WL 641949, at *4 (S.D. Ohio Feb.28, 2012) (citing *McCubbins v. BAC Home Loans Servicing, L.P.*, No. 2:11–cv–547, 2012 WL 140218, at *3 (S.D. Ohio Jan.18, 2012)).
>
> *BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, No. 2:11-cv-274, 2012 WL 1203488, at *2 (S.D. Ohio Apr. 10, 2012). This same analysis applies here and entitles the BANA Defendants to summary judgment on Count Four. *Cf. DeJohn v. Lerner, Sampson & Rothfuss*, No. 1:12CV1705, 2012 WL 6154800, at *3 (N.D. Ohio Dec. 11, 2012).

*BAC Home Loans Servicing LP*, 2013 WL 210729, at *4-5. The incorporated analysis proves dispositive of Count Four again today.

Carlisle then seeks summary judgment on Counts Ten and Eleven. Once again, because the arguments are the same, the recent analysis of this count in regard to the BANA Defendants provides the dispositive reasoning:

> In Count Ten, James Moder asserts a claim for civil conspiracy (which incorporates his prior conspiracy claim or claims). Ohio law defines such a claim as " 'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.' " *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863, 866 (1995) (quoting *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 126, 512 N.E.2d 640, 645 (1987)). The BANA Defendants argue that summary judgment is warranted because Moder has failed to present an underlying requisite tort. Given the failure of the Count Four OCSPA claim and the Count Six omnibus fraud claim, this Court agrees with the BANA Defendants. *DeJohn*, 2012 WL 6154800, at *4-5.
> In Count Eleven, Moder presents a laundry list of his previously asserted claims without stating a new factual basis or claim for relief. The BANA Defendants argue that they are therefore entitled to summary judgment on this duplicative count, and they are correct. *See Smith*, 746 F. Supp. 2d at 899.

*BAC Home Loans Servicing LP*, 2013 WL 210729, at *6. Carlisle is entitled to summary judgment on both Counts Ten and Eleven.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART**

19

Carlisle's motion for judgment on the pleadings. (ECF No. 78.) Pursuant to Rule 12(c), the Court grants judgment on the pleadings on Counts Five, Seven, Eight, Nine, and Twelve of the third-party complaint. The Court also **GRANTS** Carlisle's motion for summary judgment. (ECF No. 94.) Pursuant to Rule 56(a), the Court grants judgment as a matter of law on Counts One, Two, Three, Four, Six, Ten, and Eleven of the third-party complaint. No claims against Carlisle remain pending.

    **IT IS SO ORDERED**.

                                     /s/ Gregory L. Frost  
                                     GREGORY L. FROST  
                                     UNITED STATES DISTRICT JUDGE