UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BAC HOME LOANS SERVICING LP,

    Plaintiff,

    v.

FALL OAKS FARM LLC, et al.,

    Defendants.

Case No. 2:11-cv-274
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

**ORDER**

This matter is before the Court for consideration of Defendant James Moder's July 20, 2015 motion for relief (ECF No. 179), Plaintiff's memorandum in opposition (ECF No. 182), and Moder's reply memorandum (ECF No. 183). In his latest motion, Moder asks this Court to reconsider its prior orders that reactivated this case, that ordered the Special Master to proceed with the foreclosure sale, and that permitted the substitution of Carrington Mortgage Services, LLC as the plaintiff in this action.

Moder continues to misunderstand or to refuse to accept when substitution of a party is proper. This misunderstanding or refusal does not present grounds for affording Moder the relief he seeks. Underlying the majority of his remaining contentions is Moder's attack on the validity of the May 2, 2013 Judgment Entry of Foreclosure. (ECF No. 116.) This Court has already explained why that filing was proper in its August 29, 2013 Order and incorporates by reference that analysis here. (ECF No. 126.) The Court again emphasizes that, contrary to the Sixth Circuit's characterization of the record, this Court had disposed of Moder's counterclaims prior to the May 2, 2013 Judgment Entry of Foreclosure. (ECF No. 117, at Page ID # 1743; ECF No. 126, at Page ID # 1770.) Additionally, the Court expressly determined and stated in the May 2,

2013 Judgment Entry of Foreclosure that there was no just reason for delay, which invokes Federal Rule of Civil Procedure 54(b), a matter the Sixth Circuit did not discuss in dismissing one of Moder's prior appeals.  (ECF No. 117, at Page ID # 1743; ECF No. 126, at Page ID # 1770.)  The court of appeals later dismissed Moder's subsequent appeal for want of prosecution.  (ECF No. 153.)  This means that Moder had a chance to appeal the May 2, 2013 Judgment Entry of Foreclosure, and Moder's appeal failed.  The Judgment Entry of Foreclosure stands, and Moder has presented no new arguments as to why it is invalid or erroneous.  Moder's currently pending appeal targets only this Court's decision to reactivate the case and order the foreclosure sale.  (ECF No. 159.)  This convoluted history leads to two points related to Moder's filing of another Federal Rule of Civil Procedure 60(b) motion while an appeal is pending.

The first point is that because Moder ultimately had a chance to test his theory that the Judgment Entry of Foreclosure was invalid or erroneous, he failed to prosecute that appeal, and the Sixth Circuit dismissed that appeal, Moder's theory is no longer relevant (and has been rejected numerous times by this Court).  In other words, if the want-of-prosecution dismissal means that Moder's issues with the judgment are no longer viable, then to the extent his latest appeal would seek to raise those issues, they have been previously ruled upon by the appellate court and this Court has jurisdiction to address his Rule 60(b) motion.  *See Lewis v. Alexander*, 987 F.2d 392, 395 (6th Cir. 1993).  If the Court has jurisdiction, the Rule 60(b) motion is without merit for the reasons that this Court has previously explained and that Plaintiff has summarized in its memorandum in opposition.

The second point is that, to the extent that the current appeal might divest this Court of the requisite jurisdiction to grant the Rule 60(b) motion, there is no prejudice to Moder in

2

denying the motion.  *See LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999) (upholding a district court's denial of a Rule 60(b) motion because a notice of appeal divested the district court of jurisdiction to reconsider its judgment until the case is remanded by the court of appeals).

The Court **DENIES** the motion.  (ECF No. 179.)

**IT IS SO ORDERED.**

                                              /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE