UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BAC HOME LOANS SERVICING LP,

    Plaintiff,

    v.

FALL OAKS FARM LLC, et al.,

    Defendants.

Case No. 2:11-cv-274
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## ORDER

This matter is before the Court for consideration of the January 15, 2016 motion to stay order of confirmation of sale filed by Defendant James Moder (ECF No. 200), a memorandum in opposition filed by Plaintiff Carrington Mortgage Services, LLC ("Carrington") (ECF No. 204), a notice of filing of proof of publication filed by Carrington (ECF No. 206), a response filed by Special Master Thomas Balcerzak (ECF No. 207), and a reply memorandum filed by Moder (ECF No. 210). Previously, this Court set Moder's motion for a February 8, 2016 non-oral hearing. (ECF No. 203, at Page ID # 2133.) Because the parties have completed all briefing in advance of the briefing schedule deadlines, the Court will address Moder's motion in advance of the scheduled non-oral hearing date.

In their briefing, Carrington and the Special Master have provided this Court with clarification and documentation that counters the allegations of impropriety asserted by Moder. The Court need not reproduce the lengthy analysis and record support here, but adopts and incorporates by reference the contents of the briefing and exhibits of Carrington and the Special Master. *See* ECF Nos. 204, 206, and 207. The applicable law and the record evidence indicate

that the impropriety that Moder asserts surrounds the foreclosure sale is simply not there.  Moder continues to disagree with, misunderstand, and ignore the applicable law, the relevant facts, and his role in the events that led to the foreclosure sale.  But nothing has occurred that supports staying the order of confirmation of the sale.

Instead, the record indicates the propriety of the events leading to the judgment of foreclosure and the order of sale, the propriety of the substitution of Carrington as the plaintiff, and the propriety of the sale procedures.  This Court has time and again discussed the former two points.  The third point can be summarized as follows: (1) the Special Master filed the initial appraisal electronically with the Clerk in compliance with General Order No. 07-03 § 3.4 (ECF No. 136) and subsequently filed the reappraisal electronically with the Clerk (ECF Nos. 162 and 163-1); (2) publication of the notice of sale was effectuated in compliance with General Order No. 07-03 § 3.5 (ECF Nos. 204-1 and 206-1); (3) Plaintiff filed notice of service of the notice of sale in compliance with General Order No. 07-03 § 3.5 (ECF No. 196); (4) the Special Master conducted the foreclosure sale at the Joseph P. Kinneary United States Courthouse, the courthouse in which this action is pending, in compliance with General Order No. 07-03 § 3.6; (5) the sale price was sufficient under General Order No. 07-03 § 3.7, and because Plaintiff was the successful bidder, no money had to be collected pursuant to General Order No. 07-03 § 3.9; (6) the Special Master filed a Notice of Deposit with the Clerk in compliance with General Order No. 07-03 § 3.10 (ECF No. 201); and (7) Plaintiff's counsel prepared and submitted the proposed Order of Confirmation of Sale and Distribution of Proceeds under General Order No. 07-03 § 3.12 (ECF No. 205).  The one error that the Court found in this process is not substantive and is that the Notice of Deposit failed to include the address of the successful

bidder, which is harmless given that Plaintiff *was* the successful bidder.  (ECF No. 201.)

Moder is incorrect that the order of foreclosure was invalid, that Plaintiff could not foreclose, and that the foreclosure sale procedures failed to comply with applicable law and the orders of this Court.  The Court therefore **DENIES** Moder's motion to stay order of confirmation of sale.  (ECF No. 200.)

**IT IS SO ORDERED.**

        /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE